# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**ALEX SWEARINGEN,**

      **Plaintiff,**

**v.**

**LINN COUNTY, KS, et al.,**

      **Defendants.**

Case No. 2:20-cv-02630

### JOINT MOTION OF DEFENDANTS LINN COUNTY, KS AND PAUL FILLA TO DISMISS AND MEMORANDUM IN SUPPORT

Defendants Linn County, KS, and Sheriff Paul Filla (sometimes collectively referred to as "Linn County Defendants"), by undersigned counsel, respectfully request, pursuant to Fed. R. Civ. P. 12(b)(6), that the Court enter an Order dismissing Plaintiff's claims. As to "Linn County, KS," it is not an entity that may be sued under Kansas law under any theory. Both "Linn County, KS" and Sheriff Filla move for the dismissal of Count II, which is a failure to train claim brought under 42 U.S.C. § 1983. The reasons for dismissal are set forth fully below.

### I.   Nature of the Case.

This is a claim brought pursuant to 42 U.S.C. § 1983 and Title IX of 20 U.S.C. §§ 1681 *et seq.* Plaintiff Alexis Swearingen alleges that a school resource officer of Pleasanton (Kansas) High School had an unlawful sexual relationship with her when she was a minor and student at the school. The relationship resulted in her becoming pregnant. The former school resource officer, Defendant David Huggins is presently incarcerated at the El Dorado Correctional Facility after pleading guilty to counts of aggravated indecent liberties with a child arising from that relationship.

In the Complaint, Plaintiff asserts various claims against "Linn County, KS.," former Linn County Sheriff Paul Filla in his official capacity, Defendant Pleasanton Unified School District ("USD") 344, and Huggins for damages stemming from the sexual relationship.  The basis for the claims against the Linn County Defendants and USD 344 stems from the employment relationship they allegedly had with Huggins during his tenure as school resource officer at the high school.

According to the Complaint, Defendant Huggins was an employee of Linn County Sheriff's Office prior to becoming the school resource officer.  Plaintiff also claims that Defendant Sheriff Paul Filla was responsible for training, supervising, and disciplining Huggins, and that Defendant USD 344 also was responsible for evaluating his job performance.

Under Counts I-III of the Complaint, Plaintiff claims that Defendant Linn County deprived Plaintiff of her substantive rights under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, by failing to supervise and discipline Defendant Huggins (Count I), failing to train Linn County employees in the handling and investigation of allegations of sexual harassment and abuse (Count II), and negligently hiring Huggins (Count III).

In Count IV, Plaintiff claims Linn County violated Title IX of 20 U.S.C. §§ 1681 *et seq.* by discriminating against Plaintiff on the basis of her sex.  In Count V, Plaintiff asserts a simple negligence claim against Linn County in which she seemingly re-asserts the same facts that form the basis of Counts I-IV (*i.e.*, negligently hiring Huggins, failing to supervise Huggins, and failing to investigate acts of sexual harassment and assault).

In Counts VI-VIII, Plaintiff asserts claims against Defendant USD 344 similar to those asserted against Linn County (violation of Title IX, violation of 42 U.S.C. § 1983, and negligence). Lastly, Count IX is a claim against Defendant Huggins in which Plaintiff claims he violated her rights under the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983.

This Motion seeks dismissal of all claims against Linn County (Counts I-V) and Count II against Defendant Filla.[1]  As set forth in more detail below, Linn County, KS is not an entity that can be sued under Kansas law, which warrants dismissal of the claims against Linn County. As an additional reason for dismissal of Count II, Plaintiff failed to plead sufficient facts demonstrating that the Linn County Defendants adopted a training policy in deliberate indifference to known or obvious constitutional violations that would result.

### II. Legal Standard: Fed. R. Civ. P. 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court must dismiss any claim that fails to state a plausible claim. The Linn County Defendants are entitled to this relief because the Complaint fails to satisfy this standard.

---

[1] It seems clear from the Complaint that Plaintiff intended to assert Counts II against only Defendant Linn County, as the heading of the Count in the Complaint only identified Linn County as the defendant, and the subsequent paragraphs reference "Defendant" rather than "Defendants." Additionally, the third paragraph of the Count (¶ 91) states that "Defendant, including through Sheriff Filla, acting under color of state law, deprived Plaintiff of her rights . . .[,]" which further suggests Linn County is the only Defendant. In the event the Court construes Count II as a claim against Defendant Filla, the claim should be dismissed for reasons explained in Section III.B, below.

3

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009).

In order to state a claim, a complaint must contain factual assertions describing the grounds entitling this plaintiff to relief from the named defendant. *See* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit identified two "working principles" that underlie the *Twombly* standard. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). First, this Court ignores legal conclusions, labels, and a formulaic recitation of the elements. *See Kansas Penn*, 656 F.3d at 1214. Second, a plaintiff must allege facts that make his or her claim plausible: "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The factual allegations must be enough to "nudge" the claim across the line from merely conceivable to actually plausible. *See, e.g.*, *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In other words, the "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphasis original).

4

Scrupulous adherence to the pleadings standard of *Twombly* delivers on the promise of a just, speedy, and inexpensive determination of claims set forth in the Federal Rule of Civil Procedure 1. It ensures that defendants are placed on notice of their alleged misconduct and can prepare an appropriate defense. *See Kansas Penn*, 656 F.3d at 1215. It also permits the termination of meritless claims before "ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Id.*

### III. Issues.

**A. Is Linn County an entity that may be sued when Kansas law clearly requires a suit against a county to be brought against the county's board of county commissioners?**

**B. Are the conclusory allegations in support of the failure to train claim against Defendant Linn County or Defendant Filla sufficient to avoid dismissal?**

### III. Argument and Authority.

**A. Linn County, KS is not an entity that may be sued under Kansas law.**

As set forth in K.S.A. § 19-105, "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of ____ . . . .'"). *See also Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013), citing *Hopkins v. State*, 702 P.2d 311, 316 (1985) (noting that the board of county commissioners is the appropriate defendant for claims against the county's subunits, including the sheriff's office).

Here, in order to state a claim against a county, Plaintiff must sue and serve the Board of County Commissioners of Linn County. *See* K.S.A. 19-105. Plaintiff failed to do so. Consequently, the claims against Defendant Linn County, KS, which are contained in Counts I-V

5

of the Complaint, must be dismissed.  As discussed below, permitting a simple substitution of the Board by way of an amendment will not cure the legal deficiency regarding the Plaintiff's allegations in Count II.

> **B.     The Complaint lacks any factual basis for the "failure to train" claim contained in Count II.**

As set forth above, Linn County, KS is not an entity that can be sued under Kansas law, which justifies dismissal of all claims against Defendant Linn County.  Count II, which is the "failure to train" claim brought under § 1983, should also be dismissed because the Complaint simply lacks the requisite pleaded facts from which a jury could conclude that the training Linn County provided to employees was inadequate.  In the event the Court construes Count II to be a claim against Defendant Filla,[2] the claim should be dismissed for the same reason.

A municipal entity may not be held liable under 42 U.S.C. § 1983 by way of *respondeat superior*.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).   In order to impose municipal liability under § 1983, Plaintiff must identify an official custom or policy that "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury."  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).  The Tenth Circuit has distilled a municipal liability claim into three basic elements: official policy, causation, and state of mind.  *Id.*  "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."  *Id.* at 770.  The causation element is satisfied by showing "a direct causal link between the municipal action and the

---

[2] *See* footnote 1, *supra*.

deprivation of federal rights." *Id.* "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Because this theory is "far more nebulous" than other claims based on policy, "a plaintiff must show that an alleged failure to train amounted to deliberate indifference to the rights of person with whom the untrained employee came into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To demonstrate deliberate indifference,

> A pattern of similar constitutional violations by untrained employees is ordinarily necessary. Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights. Evidence of a pre-existing pattern of violations is only unnecessary in a narrow range of circumstances, however rare, in which the unconstitutional consequences of a failure to train are highly predictable and patently obvious.

*Waller v. City & Cty of Denver*, 932 F.3d 1277, 1285 (10th Cir. 2019).

Here, in Count II, Plaintiff alleges Linn County, KS[3] violated 42 U.S.C. § 1983 by "fail[ing] to adequately train its employees and/or members in the handling and proper investigation of allegations of sexual harassment and abuse." (Compl. at ¶ 92.)[4] Plaintiff further alleges that "Defendant's policy of failing to adequately train and supervise was the actual and proximate cause of constitutional deprivations and sexual assaults against Plaintiff." (*Id.* at ¶ 97.) These are not well-pleaded facts. They are merely conclusory statements that should be ignored by this Court. *See Kansas Penn Gaming*, 656 F.3d at 1214.

Aside from these conclusory allegations regarding training, the Complaint lacks any facts about the training either of the Linn County Defendants did, and did not, provide to its

---

[3] *See* footnote 1, *supra*.
[4] Notably, Plaintiff is not alleging that Defendant failed to train Huggins and that this failure resulted in Huggins' violation of Plaintiff's constitutional rights. *See generally* Complaint.

7

employees in the handling and investigation of allegations of sexual harassment and abuse, let alone sufficient facts that would demonstrate liability of the Linn County Defendants.  For Plaintiff's "failure to train" claim to survive a motion to dismiss, Plaintiff must plead facts that, if true, would demonstrate that the Linn County Defendants adopted a training policy with deliberate indifference to the known or obvious constitutional violations that would result.  *See Schneider*, 717 F.3d at 771.  Plaintiff failed to do so.

Plaintiff describes three separate incidents in the Complaint that she claims represents a pattern of unconstitutional conduct demonstrating Linn County's deliberate indifference to the rights of Plaintiff.   First, Plaintiff alleges that in July 2017, Linn County Sheriff's Officer John Carr sexually assaulted a female co-worker and that Linn County failed to adequately investigate and respond to the accusation, resulting in Officer Carr remaining employed for an additional year after the assault. (Compl. at ¶ 93.)  Second, Plaintiff claims that in August 2017, Sheriff Filla received a text message that alerted Linn County to Huggins' improper conduct and that the it failed to investigate it and remove Huggins from the school.  (*Id.* at ¶ 94.)  Third, Plaintiff alleges Linn County Defendant had knowledge of Huggins' inappropriate behavior because Sheriff Filla called Huggins in October 2017 during which he "told Huggins to leave Plaintiff alone" but failed to investigate or remove Huggins from the school.  (*Id.* at ¶ at 95.)

None of these three incidents establish anything about the training Linn County Sheriff's Office employees received on how to respond to and investigate allegations of sexual misconduct.  Absent pleaded facts about the training, the Complaint cannot support a claim that Defendant established a training policy with deliberate indifference to known or obvious constitutional violations that would result.  To demonstrate deliberate indifference, Plaintiff must

8

prove either (1) a pattern of similar constitutional violations by untrained employees or (2) that the lack of training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the municipality can reasonably be said to have been deliberately indifferent to the need. *See City of Canton*, 489 U.S. at 389-90. The allegations in the Complaint, even if assumed true, do not come close to proving either. Thus, because the Complaint is devoid of non-conclusory allegations demonstrating that either of the Linn County Defendants failed to adequately train its employees, Plaintiff's claim under Count II should be dismissed.

## IV.     Conclusion.

As demonstrated above, Plaintiff's claims against Linn County, KS should be dismissed because Linn County, KS is not an entity that can be sued under Kansas law. Also Count II should be dismissed because Plaintiff failed to plead sufficient facts demonstrating the Linn County Defendants adopted a training policy in deliberate indifference to known or obvious constitutional violations that would result. For these reasons, the Court should dismiss all claims set forth in the Complaint against Defendant Linn County, KS and Count II against Defendant Filla.

Respectfully submitted,

**Case Linden P.C.**

s/Cory R. Buck
Kevin D. Case, KS 14570
Cory R. Buck, KS 25969
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
cory.buck@caselinden.com
Attorneys for the Linn County Defendants

## Certificate of Service

I hereby certify that on March 5, 2021, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Christopher S. Dove
Daniel R. Zmijewski
DRZ Law, LLC
8700 State Line Rd., Ste. 305
Leawood, KS  66206
Attorneys for Plaintiff

Michael K. Seck
Fisher, Patterson, Sayler & Smith, LLP
51 Corporate Woods, Ste. 300
9393 West 110th Street
Overland Park, KS  66210-1402
Attorney for Defendant Pleasanton Unified School District 344

s/Cory R. Buck
Cory R. Buck