## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ALEXIS SWEARINGEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 20-cv-2630-DDC-TJJ** |
| | ) | |
| **BOARD OF COUNTY** | ) | |
| **COMMISSIONERS OF THE COUNTY** | ) | |
| **OF LINN COUNTY, KANSAS;** | ) | |
| **LINN COUNTY SHERIFF PAUL FILLA;** | ) | |
| **PLEASANTON UNIFIED SCHOOL** | ) | |
| **DISTRICT 344; DAVID ALLEN** | | |
| **HUGGINS** | | |
| | | |
| **Defendants.** | | |

## FIRST AMENDED COMPLAINT

Plaintiff Alexis Swearingen, by and through their counsel of record, for her demand for damages against Defendants Board of County Commissioners of the County of Linn County, Kansas ("Linn County"), Linn County Sheriff Paul Filla ("Sheriff Filla"), Pleasanton Unified School District 344 ("USD 344") and David Allen Huggins ("Huggins"), state as follow:

## Introduction

1.     On August 8, 2017, Defendant David Allen Huggins had sex with and impregnated Plaintiff Alexis Swearingen. Defendant Huggins was 44 years old. Ms. Swearingen was 15 years old. Defendant Huggins was a deputy sheriff for Defendant Linn County, Kansas. Defendant Huggins also was the School Resource Officer in Pleasanton High School, where Ms. Swearingen was a student, and which school is a part of Defendant USD 344.

## Parties, Jurisdiction, and Venue

2.      Plaintiff Alexis Swearingen is a resident of the State of Kansas.

3.      Defendant Board of County Commissioners of the County of Linn County, Kansas comprises the governing body of Linn County, Kansas, a Kansas municipality. The Linn County Sheriff's Office is a department within Linn County, Kansas.

4.      Defendant Linn County Sheriff Paul Filla was the Sheriff of the Linn County Sheriff's Office during the events described herein. Sheriff Filla has since resigned his position as Sheriff. Sheriff Filla is being sued in his official capacity.

5.      Defendant Pleasanton Unified School District 344 is a Kansas school district located in Pleasanton, Kansas. USD 344 is a governmental entity created to provide public education to children within its boundaries. Pleasanton High School is the high school within USD 344.

6.      Defendant David Allen Huggins was an employee of the Linn County Sheriff's Office and School Resource Officer at Pleasanton High School during the events described herein. Defendant Huggins is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1331.

8.      Venue is proper under 28 U.S.C. § 1391 because all parties reside in and the events giving rise to this action occurred in the judicial district of the District of Kansas.

9.      Plaintiff served proper notice on Defendant Linn County, Kansas, the Linn County Sheriff's Office, and Sheriff Filla under the Kansas Tort Claims Act.

10.      More than 120 days have passed since Plaintiff served notice on Defendant Linn County, Kansas.

11. Plaintiff served proper notice on Defendant USD 344 under the Kansas Tort Claims Act.

12. More than 120 days have passed since Plaintiff served notice on Defendant USD 344.

## GENERAL ALLEGATIONS

13. The problem of adult men sexually harassing female, minor students in Defendant USD 344 did not start with Defendant Huggins.

14. In February 2015, a male teacher employed by Defendant USD 344 was caught sexually soliciting a minor female student through text messages.

15. Later in 2015, Defendant Sheriff Filla, together with school districts in Linn County, started a school resource officer program.

16. The school resource officer program was funded, at least in part, with federal funds.

17. Prior to becoming a school resource officer for USD 344, Defendant Huggins was an Officer of the LaCygne Police Department, also located in Linn County, Kansas.

18. While an Officer of the LaCygne Police Department and while in uniform, Defendant Huggins began to stalk and harass a minor female at her place of employment.

19. Defendant Huggins would come into the retail establishment where the minor female worked to sexually harass her and then sit in his police vehicle to watch her as she left.

20. The father of the victim complained to the LaCygne Police Department about Defendant Huggins' harassment of the minor female.

21.     Despite Defendant Huggins prior unlawful sexual harassment of a minor female, Defendant Sheriff Filla and Defendant USD 344 hired Defendant Huggins to be a school resource officer in the school district.

22.     Defendant USD 344 also interviewed Defendant Huggins for the position and was further responsible for evaluating his job performance.

23.     Defendant Sheriff Filla was hired Defendant Huggins and was responsible to train, supervise, and discipline him.

24.     In approximately March 2016, Defendant Huggins began instructing students on the dangers of text messaging sexual material, including to adults.

25.     According to the Linn County Sheriff's Office, students sending or receiving sexual material by text message was the biggest problem the Sheriff's Office was observing in schools.

26.     In March 2017, Defendant Huggins first made contact with Plaintiff, which occurred at Pleasanton High School where he was the School Resource Officer.

27.     Ms. Swearingen was friends with Defendant Huggins' daughter and began going to Huggins' office in the school building.

28.     In approximately late May 2017, Defendant Huggins began text messaging Ms. Swearingen.

29.     Defendant Huggins often would text message Ms. Swearingen while he was on duty.

30.     For the next few months, Defendant Huggins continued to text message Ms. Swearingen.

31.     Defendant Huggins also would interact with Ms. Swearingen when she was babysitting Huggins' grandson at Huggins' house.

32.     On August 3, 2017, Defendant Huggins was on duty and in uniform at the Linn County fair.

33.     Defendant Huggins saw Ms. Swearingen and began to talk with her throughout the evening and for the next several days.

34.     On August 8, 2017, Defendant Huggins took Ms. Swearingen on a "date" and had sex with her.

35.     From that date until late January 2018, Defendant Huggins continued the sexual relationship with Ms. Swearingen.

36.     Defendant Huggins also would see and interact with Ms. Swearingen at the barbeque restaurant where she worked.

37.     On one occasion, the owner of the restaurant observed Defendant Huggins sitting with and being physically intimate with Ms. Swearingen.

38.     The owner of the restaurant was alarmed by the behavior and so took a picture and texted it to Defendant Sheriff Filla, asking for an explanation about what was going on.

39.     On information and belief, Defendant Sheriff Filla did not investigate the incident or discipline Defendant Huggins as evidenced by the fact that Huggins did not change his behavior toward Plaintiff, and he remained the school resource officer for Pleasanton High School.

40.     On September 7, 2017, the fall semester of school at USD 344 started.

41.     Ms. Swearingen began going to see Defendant Huggins in his office almost daily and sometimes multiple times a day.

42.     Ms. Swearingen would sign out of class to go see Defendant Huggins.

43.     Defendant Huggins and Ms. Swearingen would sometimes kiss or inappropriately touch while in the school building.

44.     On September 13, 2017, Ms. Swearingen learned that Defendant Huggins had gotten her pregnant.

45.     Ms. Swearingen took her sonogram images showing her pregnancy to school to show Defendant Huggins.

46.     Ms. Swearingen informed her cheerleading coach that she would no longer be able to participate because she was pregnant.

47.     This information was released to other administrators or teachers, who began to gossip and talk about Ms. Swearingen's pregnancy.

48.     Defendant Huggins would overhear USD 344 employees talking about Ms. Swearingen's pregnancy and warn them to stop.

49.     Travis Laver, the Superintendent of Defendant USD 344, began making "surprise" visits to Defendant Huggins office when Ms. Swearingen was there.

50.     On October 4, 2017, Ms. Swearingen terminated her pregnancy.

51.     On October 5, 2017, a teacher at Pleasanton High School Superintendent Laver about Ms. Swearingen and Huggins. The teacher carbon-copied Ms. Swearingen on the email.

52.     Ms. Swearingen was not even a student of the Pleasanton teacher that school year.

53.     Nevertheless, the teacher directed the October 5, 2017 email to Superintendent Laver and asked if Principal Mitch Shaw had 'briefed' Laver on the relationship between Defendant Huggins and Ms. Swearingen.

54.     Ms. Swearingen told Defendant Huggins about the October 5, 2017, email. Defendant Huggins then talked to officials at the school about the email.

55.     Also, in October 2017, Principal Shaw called Ms. Swearingen out of first-period class one day and told her that she was not allowed to continue going to see Defendant Huggins in his office in the school building.

56.     Around or on October 10, 2017, Defendant Huggins pulled Ms. Swearingen out of class to come to his office. Huggins told her that Sheriff Filla had just called him on his work-issued phone. Sheriff Filla told Defendant Huggins to 'stay away' from Ms. Swearingen.

57.     Nevertheless, Defendant Huggins remained an on-duty deputy for the Linn County Sheriff's Office and a school resource officer in the Pleasanton High School.

58.     On or around 2017, the Kansas child protective services office began an investigation. Ms. Swearingen did an interview with child protective services regarding her pregnancy. On the same day, Defendant USD 344 banned Ms. Swearingen's father from coming to the school building.

59.     On another occasion, Defendant Huggins was assigned to perform a child welfare interview of Ms. Swearingen at the school. On the same day, Kansas child protective services also performed an interview of Ms. Swearingen's parents and their home.

60.     Defendant Huggins was allowed to perform this interview despite the warnings to Defendants USD 344, Sheriff Filla, and Linn County.

61.     Finally, on or about October 27, 2017, Defendant Huggins took leave from his position in order to have a vasectomy.

62.     Defendant Sheriff Filla eventually contacted the Kansas Bureau of Investigation to investigate Defendant Huggins.

63.     In approximately November 2017, the KBI found copies of the sonogram images on the computer in Defendant Huggins' school office.

64.     In December 2017, Defendant Huggins traveled to Iowa for a hunting trip. Sometime after, a warrant was issued for his arrest.

65.     On or about January 4, 2018, Defendant Huggins was arrested in Iowa and transported back to Kansas.

66.     In the middle of January 2018, Defendant Huggins was released from custody on bond.

67.     Shortly after, Defendant Huggins again made contact with Ms. Swearingen and had unlawful sex with her.

68.     Ms. Swearingen contracted the HPV venereal disease from Defendant Huggins. HPV is known to potentially impact fertility and birthing options for women, as well as increase the probabilities of certain types of cancers. Due to contracting HPV, Ms. Swearingen also must see her gynecologist more often than normal.

69.     In January 2019, Plaintiff withdrew from school.

70.     On February 19, 2019, Defendant Huggins pled guilty to counts of aggravated indecent liberties with a child and was sentenced to 183 months in the Kansas Department of Corrections.

71.     During the course of the criminal investigation of Defendant Huggins, Ms. Swearingen learned that she was the third female, minor victim of Huggins.

**Linn County Sheriff Officer John Carr**

72.     In July 2017, Linn County Sheriff Officer John Carr sexually assaulted a female co-employee.

73.     When the sexual assault occurred in July 2017, the female employee immediately reported it to Defendant Sheriff Filla. Nevertheless, Mr. Carr remained employed in his position at the Sheriff's office.

74.     Finally, nearly a year later in June 2018, the Linn County Attorney asked the KBI to intervene and investigate Mr. Carr's action.

75.     In September 2018, the Kansas Bureau of Investigation arrested John Carr, another deputy of the Linn County Sheriff's Office.

76.     Mr. Carr ultimately pled guilty to battery as a result of his sexual assault of the female employee following the KBI's investigation.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT LINN COUNTY, KANSAS FOR DENIAL OF SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – FAILURE TO SUPERVISE AND DISCIPLINE**

77.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

78.     Sheriff Filla is a policymaker for Defendant Linn County for purposes of liability for constitutional violations.

79.     Defendant, including through Sheriff Filla, acting under color of state law, deprived Plaintiff of her rights under the 14th Amendment to the Constitution of the United States.

80.     Defendant failed to supervise and discipline its employees, including Defendant Huggins, resulting in repeated instances of sexual harassment and abuse against women, including Plaintiff.

81.     Defendant had knowledge of Officer Carr's sexual assault of a female co-worker. Defendant failed to adequately respond, and Officer Carr remained employed for over a year after his assault. Ultimately, following intervention with the Kansas Bureau of Investigation, Officer Carr was charged and pled guilty to battery as a result of the sexual assault.

82.     Defendant had knowledge of Defendant Huggins' conduct through the August 2017 text message that Sheriff Filla received with a picture showing Defendant Huggins unlawful physical contact with Plaintiff. Defendant failed to respond to supervise or discipline Huggins or remove him from the school.

83.     Defendant had further knowledge of Huggins inappropriate behavior as evidenced by the October 2017 phone call in which Sheriff Filla told Huggins to leave Plaintiff alone. Once again, Defendant failed to respond to supervise or discipline Huggins or immediately remove him from the school.

84.     Defendant's acts of failing to adequately respond following multiple known acts of sexual assault and sexual misconduct by its employees represent a continuing and persistent pattern of unconstitutional conduct that was known to Defendant.

85.     Defendant's failure to respond to multiple unlawful acts by its employees represents a custom, usage, pattern, or practice of deliberate indifference to Plaintiff.

86.     Defendant's failure was the actual and proximate cause of constitutional deprivations and multiple acts of sexual assault against Plaintiff.

87.     As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, Plaintiff, who was 15-years old, suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over 40 years old. Plaintiff has and will continue to suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses.

88.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT LINN COUNTY, KANSAS FOR DENIAL OF SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – FAILURE TO TRAIN**

89.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

90.     Sheriff Filla is a policymaker for Defendant Linn County for purposes of liability for constitutional violations.

91.     Defendant, including through Sheriff Filla, acting under color of state law, deprived Plaintiff of her rights under the 14th Amendment to the Constitution of the United States.

92.     Defendant failed to adequately train its employees and/or members in the handling and proper investigation of allegations of sexual harassment and abuse.

93.     Defendant had knowledge of Officer Carr's sexual assault of a female co-worker. Defendant failed to adequately investigate and respond, and Officer Carr remained employed for over a year after his assault. Ultimately, following intervention with the Kansas Bureau of Investigation, Officer Carr was charged and pled guilty to battery as a result of the sexual assault.

94.     Defendant had knowledge of Defendant Huggins' conduct through the August 2017 text message that Sheriff Filla received with a picture showing Defendant Huggins unlawful physical contact with Plaintiff. Defendant failed to investigate and respond to Huggins' behavior or remove him from the school.

95.     Defendant had further knowledge of Huggins inappropriate behavior as evidenced by the October 2017 phone call in which Sheriff Filla told Huggins to leave Plaintiff alone. Once again, Defendant failed to investigate or respond or immediately remove Huggins from the school.

96.     Defendant's acts of failing to investigate represents a pattern of unconstitutional conduct that was known to Defendant and demonstrates reckless disregard and deliberate indifference to the rights of Plaintiff.

97.     Defendant's policy of failing to adequately train and supervise was the actual and proximate cause of constitutional deprivations and sexual assaults against Plaintiff.

98.     As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, Plaintiff, who was 15-years old, suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over 40 years old. Plaintiff has and will continue to suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses.

99.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT LINN COUNTY, KANSAS FOR DENIAL OF SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – NEGLIGENT HIRING**

100.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

101.     Sheriff Filla is a policymaker for Defendant Linn County for purposes of liability for constitutional violations.

102.     Defendant, including through Sheriff Filla, acting under color of state law, deprived Plaintiff of her rights under the 14th Amendment to the Constitution of the United States.

103.     Defendant demonstrated reckless indifference to the rights of Plaintiff by hiring Huggins and placing him inside USD 344 as a school resource officer.

104.     Defendant knew or should have known that Huggins had already sexually harassed and stalked a female minor while he was a police officer in his former position.

105.     In addition, it was known that Huggins had sexually harassed and/or assaulted other minor females before Plaintiff.

106.    Defendant's acts of hiring and placing Huggins, a person known to sexually harass and/or assault minor females, represented deliberate indifference to Plaintiff's rights.

107.    Defendant's failure was the actual and proximate cause of constitutional deprivations and multiple acts of sexual assault against Plaintiff.

108.    As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, Plaintiff, who was 15-years old, suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over 40 years old. Plaintiff has and will continue to suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses.

109.    Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT IV
## VIOLATION OF TITLE IX, 20 U.S.C. §§ 1681 *et seq.*, BY DEFENDANT LINN COUNTY, KANSAS

110.    Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

111.    Title IX prohibits discrimination on the basis of sex under any education program or activity receiving Federal financial assistance.

112.    Defendant does and has received Federal financial assistance and received such assistance throughout the period at issue herein, including but not limited to the

federal funds received to operate the school resource officer program in USD 344 and other districts.

113.    Defendant retained and placed Huggins into Pleasanton High School in USD 344.

114.    While Huggins was a Deputy of the Linn County Sheriff's Office and the school resource officer he had an ongoing physical and sexual relationship with Plaintiff.

115.    Defendant had knowledge of Defendant Huggins' conduct through the August 2017 text message that Sheriff Filla received with a picture showing Defendant Huggins unlawful physical contact with Plaintiff. Defendant failed to investigate and respond to Huggins' behavior or remove him from the school.

116.    Defendant had further knowledge of Huggins inappropriate behavior as evidenced by the October 2017 phone call in which Sheriff Filla told Huggins to leave Plaintiff alone. Once again, Defendant failed to investigate or respond or immediately remove Huggins from the school.

117.    The sexual harassment and assault was so severe, pervasive, and objectively offensive that it effectively deprived her of access to educational benefits and/or opportunities.

118.    Defendant acted with deliberate indifference, including through failing to investigate and failing to remove Huggins from the school.

119.    The acts, omissions, conduct, and behavior of Defendant has caused Plaintiff to suffer physical injury, humiliation, anxiety, embarrassment, and emotional pain and suffering.

120.    Also, as a result of the acts, omissions, conduct, and behavior of Defendant, Plaintiff was deprived of the education and/or opportunities to which she is entitled as a student and further caused Plaintiff to withdraw from the school.

121.    Plaintiff is entitled to recover from Defendant their reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT V
## NEGLIGENCE BY DEFENDANT LINN COUNTY, KANSAS

122.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

123.    Defendant, including by placing a school resource officer within USD 344, had supervision and control over Plaintiff, who was a student in the district.

124.    Defendant owed a duty to protect Plaintiff from harm from its employees.

125.    Defendant, as a recipient of federal funding, had a duty to investigate and remedy acts of sexual harassment and assault.

126.    Defendant breached its duty in negligently hiring Huggins to be a school resource officer, despite his past record of sexually harassing a minor female.

127.    Defendant breached its duty by failing to supervise Huggins despite its actual knowledge of his unlawful behavior toward Plaintiff, including through the August 2017 text message that Sheriff Filla received with a picture showing Defendant Huggins

unlawful physical contact with Plaintiff, and as evidenced by the October 2017 phone call in which Sheriff Filla told Huggins to leave Plaintiff alone.

128.    As a direct and proximate result of Defendant's breach of its duties, Plaintiff suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over 40 years old. Plaintiff has and will continue to suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory, for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT VI**
**VIOLATION OF TITLE IX, 20 U.S.C. §§ 1681 *et seq.*, BY DEFENDANT USD 344**

129.    Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

130.    Title IX prohibits discrimination on the basis of sex under any education program or activity receiving Federal financial assistance.

131.    Defendant does and has received Federal financial assistance and received such assistance throughout the period at issue herein.

132.    Defendant interviewed, assisted making the decision to retain Defendant Huggins, and also had responsibility to review his performance.

133.    Defendant had responsibility and authority to prohibit Huggins from violating the Title IX rights of Plaintiff and other students in USD 344 due to his ongoing presence in the school building.

134.    While Huggins was a Deputy of the Linn County Sheriff's Office and the school resource officer he had an ongoing physical and sexual relationship with Plaintiff.

135.    Defendant was permitting Plaintiff to see Huggins, a school resource officer, in his office at the school almost daily and sometimes more than once a day.

136.    Defendant had actual knowledge of improper behavior by Huggins as evidenced by Superintendent Laver's 'surprise' visits to Huggins office when Plaintiff was here.

137.    Defendant had actual knowledge of improper behavior by Huggins as evidenced by the October 5, 2017, email from a high school teacher to Superintendent Laver regarding the relationship between Huggins and Plaintiff. Defendant Huggins even then talked to school official about the email.

138.    Defendant had actual knowledge of improper behavior by Huggins as evidenced by Principal Shaw's direction to Plaintiff that she was no longer allowed to visit Huggins in his office at the school.

139.    Nevertheless, despite the actual knowledge, Defendant did not take steps to protect Plaintiff or remedy the sexual harassment.

140.    Defendant was deliberately indifferent to the ongoing unlawful sexual harassment.

141.    The sexual harassment and assault was so severe, pervasive, and objectively offensive that it effectively deprived Plaintiff of access to educational benefits and/or opportunities.

142.    The acts, omissions, conduct, and behavior of Defendant has caused Plaintiff to suffer physical injury, humiliation, anxiety, embarrassment, and emotional pain and suffering.

143.    Plaintiff is entitled to recover from Defendant their reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT VII**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT USD 344**
**FOR DENIAL OF SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT**
**– FAILURE TO TRAIN**

144.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

145.    Defendant, through its employees, who were acting under color of law in their capacities as employees of the School District, deprived Plaintiff of her rights under the 14th Amendment to the Constitution of the United States.

146.    Defendant failed to adequately train its employees and/or members in the handling and proper investigation of allegations of sexual harassment and abuse.

147.    Defendant's failure to train reflects a reckless disregard for or deliberate indifference to the rights of students such that the inadequate training or supervision represents policy.

148.    The implementation of training and measures to investigate and protect school children from sexual assault is a necessity to prevent the recurrence of sexual assault, resulting in the violation of students' constitutional rights.

149.    Defendant's acts of failing to investigate and protect Plaintiff following multiple instances of warning and actual knowledge of Huggins ongoing sexual assault and

sexual misconduct against Plaintiff represents a pattern of unconstitutional conduct that was known to Defendant.

150.    Defendant's failure to correct this pattern represents a deliberate indifference to Plaintiff's rights.

151.    Defendant's policy of failing to adequately train and supervise was the actual and proximate cause of constitutional deprivations and sexual assault against Plaintiff.

152.    As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, Plaintiff, who was 15-years old, suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over 40 years old. Plaintiff has and will continue to suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses.

153.    Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant School District for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT VIII**
**NEGLIGENCE BY DEFENDANT USD 344**

154.    Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

155.    Defendant has supervision and control over its students, including Plaintiff, and owe them a duty of care to protect them from harm, including rape and sexual assault.

156.    Defendant prohibits sexual harassment of students, including Plaintiff,

whether or not the harassment occurs on school grounds.

157.    Defendant prohibits any employee or third party from sexually harassing students, including Plaintiff.

158.    Under Defendant's policies, it has a nondiscretionary duty to promptly investigate allegations of sexual harassment and take prompt corrective action to end the harassment.

159.    Defendant breached its duties by failing to promptly investigate and remedy Huggins sexual harassment of Plaintiff, despite Defendant's knowledge of Huggins' improper sexual harassment as evidenced by:

(a)  The October 5, 2017, email from a high school teacher to Superintendent Laver regarding the relationship between Huggins and Plaintiff, which reflects knowledge prior to that date;

(b)  Defendant's knowledge and consent for Plaintiff to see Huggins, a school resource officer, in his office at the school almost daily and sometimes more than once a day;

(c)  Superintendent Laver's 'surprise' visits to Huggins office when Plaintiff was here;

(d)  Principal Shaw's eventual direction to Plaintiff that she was no longer allowed to visit Huggins in his office at the school.

160.    Nevertheless, Defendant did not take prompt action to investigate or remedy the sexual harassment.

161.    As a direct and proximate result of Defendants' breach of their duties, Plaintiff, who was 15-years old, suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over 40 years old. Plaintiff has and will continue to

suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant for compensatory, for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT IX**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT HUGGINS FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEEN AMENDMENTS**

162.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

163.    Defendant Huggins, acting under the color of state law, intentionally, willfully, maliciously, and with reckless disregarding for the consequences of his actions caused serious emotional and physical pain and suffering to Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

164.    Defendant Huggins, while a Deputy of the Linn County Sheriff's Office, sexually assaulted and harassed Plaintiff, who was 15-years old.

165.    Plaintiff's rights to be free sexual assault and sexual harassment by Defendant Huggins were clearly established at all relevant times

166.    Defendant Huggins' conduct shocks the conscious.

167.    Defendant Huggins' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to Plaintiff's federally protected rights such that Plaintiff is entitled to an award of punitive damages.

168.    As a direct and proximate result, Plaintiff, who was 15-years old, suffered damages from being sexually assaulted numerous times by a Sheriff's officer who was over

40 years old. Plaintiff has and will continue to suffer psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life, physical pain, and medical expenses

169.     Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant Huggins for compensatory and punitive damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## JURY TRIAL

Plaintiff requests a jury trial on all claims.

## DESIGNATION OF PLACE FOR TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**DRZ Law, LLC**

  /s/ Chris Dove
Christopher Dove          KS #21251
Daniel R. Zmijewski       KS #21275
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
P: 816-333-4379
F: 816-523-5667
chris@drzlawfirm.com
dan@drzlawfirm.com
ATTORNEYS FOR PLAINTIFF

### <u>CERTIFICATE OF SERVICE</u>

I certify that on March 26, 2021, the foregoing was electronically filed using the Court's electronic filing system, which will send notice of electronic filing to all registered attorneys of record.

     /s/ Chris Dove