**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ALEXIS SWEARINGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-2630-DDC-TJJ |
| | ) | |
| LINN COUNTY, KANSAS, | ) | |
| BOARD OF COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

On November 17, 2021, the Court granted Plaintiff's Motion for Leave to File Amended Complaint to Join Additional Defendant (ECF No. 65). The Court advised the parties that it would follow that Order with its reasoning. This Memorandum and Order provides the Court's reasoning for granting the motion to amend.

The deadline to move to amend or join additional parties was August 13, 2021. Coincidentally, Defendant Linn County, Kansas, Board of Commissioners ("Linn County") responded to written discovery on the same date (with the consent of Plaintiff, although it was more than thirty days after the discovery was served). After reviewing the discovery responses, Plaintiff became concerned that Defendant Linn County was indicating it was not responsible for certain actions within the Sheriff's Office. On October 1, 2021, Plaintiff moved to add the current Linn County Sheriff in his official capacity (the "Sheriff's Office"), representing that the Sheriff's Office is a necessary party to the lawsuit.

Plaintiff's request implicates several federal rules and legal principles. Rule 16(b)(4) governs modification of scheduling order deadlines. Fed. R. Civ. P. 15 governs amendment of pleadings. Rule 19 addresses joinder of necessary parties, and Rule 1 provides guidance on the

management of litigation to reach just, speedy, and efficient resolution. Below, the Court addresses how each of these Rules shaped the Court's decision to allow Plaintiff to file a Second Amended Complaint.

First: Rule 16(b)(4). When the deadline for amending pleadings set in the scheduling order has passed before the motion to amend is filed—as is the case here—Federal Rule of Civil Procedure 16(b)(4) applies. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[1] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[2] Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[3]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[4] The lack of prejudice to the nonmovant does not show good cause.[5] A district court's determination as to whether a party has

---

[1] *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[2] *See Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

[3] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[4] *Id.* at *5.

[5] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[6]

Although it is a close call, the Court first finds Plaintiff has met the Rule 16(b)(4) good cause standard to amend the operative scheduling order in this case. Plaintiff explains that several of her written discovery requests were directed to gather information about the responsibilities of the Linn County Sheriff's Office, to which Linn County responded. Some of those responses, however, suggested that Linn County did not believe it was responsible for certain actions within the Sheriff's Office.[7] Because of the timing of the responses, Plaintiff was unable to meaningfully review the responses until after the deadline to add parties. Also, while an Answer ordinarily might have raised Plaintiff's awareness about Linn County's planned defenses, because of pending dispositive motions, Defendants had not yet answered the Amended Complaint by the time the deadline to add parties passed.[8] The Court finds it reasonable that Linn County's answers to Interrogatories, which on one hand included answers appearing to respond on behalf of the Sheriff's Office[9] but on the other hand noted, for example, that the Sheriff was not an employee of the County[10] and that the "BOCC does not control or otherwise influence personnel issues within the Sheriff's Office,"[11] triggered Plaintiff to seek to

---

[6] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008).

[7] *See, e.g.*, ECF No. 65-2 at 4 ("[Interrogatory No. 6] also mischaracterizes Paul Filla as being an employee of Defendant BOCC for Linn County, Kansas."); 6 ("The BOCC does not control or otherwise influence personnel issues within the Sheriff's Office.").

[8] The Court disagrees with Plaintiff that Defendant Linn County's Answer filed October 8, 2021 was filed out-of-time.

[9] *See generally* ECF No. 65-2 at 2–6.

[10] *Id.* at 4.

[11] *Id.* at 6.

3

amend to add the Sheriff's Office as a Defendant. Under these circumstances, the Court finds that Plaintiff has shown good cause under Rule 16 for belatedly modifying the Scheduling Order to allow amendment past the deadline.

Second: Rule 15. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[12] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[13] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[14] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[15] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[16]

The Court first finds there was no undue delay. The timeliness component of Rule 15(a)(2) is intended to consider more than mere passage of time; the court is to examine whether a delayed motion created a burden. "The longer the delay the more likely the delay will impose

---

[12] Fed. R. Civ. P. 15(a)(1).

[13] Fed. R. Civ. P. 15(a)(2).

[14] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[16] *Id*. (quoting *Foman*, 371 U.S. at 182).

burdens on the opponent and the court. . . . The court must focus primarily on the reasons for the delay. Denial of leave to amend is appropriate where the plaintiff has no adequate explanation for the delay."[17] Plaintiff has offered an adequate explanation for the delay—basically, after reviewing Linn County's responses to Interrogatories, it appeared to Plaintiff there could be some shared and possibly some separate liability between Linn County and the Linn County Sheriff's Office. The delay was relatively short between when Plaintiff could reasonably have reviewed the Interrogatory answers and the filing of the motion to amend.[18] The Court also notes that, from when the case was filed in late 2020 until June 28, 2021, the Sheriff's Office was a party in the case—through an official capacity claim against its former Sheriff—and was represented by the same counsel that represents Defendant Linn County. On June 28, the parties stipulated to the dismissal of former Sheriff Paul Filla, who had been included in both the original and Amended Complaint as a Defendant in his official capacity.[19] This previous posture of the case suggests that, before reviewing the discovery responses, Plaintiff did not expect Defendant Linn County to deny responsibility for the actions of the Sheriff's Office. Moreover, the way the case has progressed and the interconnectedness between Defendant Linn County and the Sheriff's Office[20] (as explained in more detail below) indicate to the Court that Plaintiff's

---

[17] *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2007 WL 1424327, at *3 (D. Kan. May 14, 2007) (quoting and citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006)).

[18] The Court also notes that, although the motion to amend was not filed until October 1, 2021, that date was still two months before the discovery deadline.

[19] *See* ECF Nos. 1 at 2 ("Sheriff Filla is being sued in his official capacity."); 14 at 2 ("Sheriff Filla is being sued in his official capacity."); and 42 (Stipulation of Dismissal of Paul Filla). The Court disagrees with Plaintiff's suggestion in her reply brief that Paul Filla was previously sued and dismissed in his individual capacity. ECF No. 74 at 3–4.

[20] For example, in the County's Interrogatory responses several Sheriff's Office employees are identified but the responses note they should be contacted through Linn County's counsel.

delay in requesting to add the Sheriff's Office has not and will not cause a substantial burden for Defendant Linn County. It is worth noting, too, that the discovery deadline is November 30 and Plaintiff consented to Defendant's motion to extend its expert deadline to November 12.[21] Clearly, at the time the motion to amend was filed, there was still much work to be done.

As for bad faith, Defendant Linn County does not contend Plaintiff filed her motion in bad faith, and the Court finds none. Defendant Linn County also does not argue Plaintiff's prior amendment should be held against Plaintiff or that amendment is futile;[22] primarily, Defendant Linn County argues it will suffer undue prejudice if Plaintiff is allowed to amend at this late stage of the case. Defendant Linn County argues that the remaining case schedule will need to be extended to allow the Sheriff's Office time to conduct discovery—further prolonging the case and increasing the time and resources the parties must expend.

The Court agrees with Defendant Linn County that allowing amendment may ultimately extend the length of the currently-pending case, but any resulting delay should be relatively limited and minimal. The Court will fashion a remedy that minimizes any alleged prejudice Defendant Linn County suffers as a result of this delay. During the Status Conference scheduled for November 29, 2021, the Court will discuss with the parties methods for minimizing or eliminating duplication of discovery, and ways to efficiently prepare this case for trial. After consideration of the relevant factors, the Court finds that amendment should be allowed under Rule 15(a)(2)'s lenient standard.

---

[21] ECF No. 63 at 1, 2.

[22] As noted, *supra*, the Sheriff's Office was actually included in the case through the first Amended Complaint.

Third: Rule 19. Rule 19(a)(1) governs when a person is necessary to a lawsuit and must be joined as a party. Specifically, a person is a necessary party if:

> (A) in that person's absence, the court cannot accord complete relief among the existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"The purpose of Rule 19 is to avoid incomplete relief or multiple suits arising from the same subject matter, and to ensure that a judgment will have a res judicata effect on the real parties in interest."[23]

In her initial briefing, Plaintiff argued that the Sheriff's Office is a necessary party, but did not fully analyze the issue. Defendant's attention to the issue mirrored Plaintiff's,[24] and the Court determined additional briefing was warranted before deciding whether the Sheriff's Office <u>must</u> be joined as a necessary party. The Court ordered additional briefing (ECF No. 79). The parties submitted briefs as directed but, again, the Court found their briefing largely unhelpful.[25]

---

[23] *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1164 (D. Kan. 2009) (citations omitted).

[24] Indeed, Defendant Linn County's response to the necessary party issue led Plaintiff to declare in her reply brief that "Defendant Linn County appears to agree with Plaintiff that the Sheriff's Office is a necessary and indispensable party under FRCP 19(a)(1)." ECF No. 74 at 3. Defendant Linn County's supplemental brief makes clear that it does not, in fact, agree with Plaintiff on this point. *See generally* ECF No. 84.

[25] To be fair, Defendant Linn County did make an effort to apply the plain language of Rule 19 to show why the Sheriff's Office is not a necessary party. Plaintiff's supplemental brief, however, does not address why the Court cannot afford complete relief among the <u>existing</u> parties.

On the record before it, the Court cannot conclude whether the Linn County Sheriff's Office is a necessary party that must be joined.[26] A determination of whether a party is necessary implies some inquiry into who is a proper party to be named in a suit. And who a Plaintiff must sue for the actions of a county Sheriff's deputy is unsettled and presents a difficult question.[27] In *Bledsoe v. Board of County Commissioners of the County of Jefferson, Kansas*, Judge Crabtree discussed at length the quandary of who a plaintiff should name in a lawsuit for the actions of a county's sheriff's department—particularly given the independence of the sheriff's department, juxtaposed with the recent Tenth Circuit determination that a Kansas sheriff performing law enforcement functions is a county actor.[28] The parties have not addressed who the proper Defendant is (other than Defendant Linn County stating "it agrees with Plaintiff only to the extent she states in her motion that Defendant [Linn County] may not be liable for conduct of the

---

[26] Because the Court ultimately found that Plaintiff has shown good cause for amending the scheduling order to allow a motion to amend and that amendment should be allowed, the "necessary party" issue carries less weight than it might otherwise have borne. Nevertheless, the Court still discusses the issue briefly here because (1) the Court ordered supplemental briefing and (2) the Court considers the issue of who Plaintiff should sue under these circumstances to be an important question in this case.

[27] *See Bledsoe v. Bd. of Cty. Commr's of the Cty. of Jefferson, Kan.*, 501 F. Supp. 3d 1059, 1139–44 (D. Kan. 2020) ("The court does not have the benefit of hearing the parties' arguments on the question who should be named for a suit against the municipality where a sheriff is a county officer with authority independent from the board. The court thus declines, for now, to decide whether, after *Couser* [*v. Gay*, 959 F.3d 1018 (10th Cir. 2020)], a plaintiff should name a single defendant for the municipal liability claim, instead of both Jefferson County and [the sheriff] in his official capacity.").

[28] *Id.* at 1143 ("In short, the direction given by the Kansas statute, i.e., sue the board of county commissioners in all proceedings against the county, indicates a suit against the county must name the board of county commissioners. But, Kansas law also provides a sheriff has independent authority over his department and is not subject to oversight from the board of county commissioners. So, a suit against a sheriff in his official capacity as a county officer arguably is another way to assert a claim against the county.").

Sheriff's Office"),[29] or how (if at all) that question impacts the Rule 19 analysis. On this record, the Court makes no finding whether the Sheriff's Office <u>must</u> be joined as a party, but finds that the uncertainty weighs in favor of allowing Plaintiff to amend beyond the deadline set in the scheduling order.

And fourth: Rule 1. The Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[30] In this case, while allowing Plaintiff to add another party in a late stage of the case may facially appear to delay the proceeding, the Court determines it is a just result that won't significantly delay trial in the case—and likely a more efficient one—than requiring Plaintiff to pursue relief from the Sheriff's Office in another action. The Sheriff's Office has already been a party to this case, and, at that time, was represented by Linn County's counsel. The parties stipulated that the Sheriff's Office should be dismissed. Only later did it become apparent that Linn County intended to deny responsibility for certain actions of the Sheriff's Office. The potential interconnectedness of the parties, as well as their possible shared or separate liability, supports resolving this action with all interested parties included. The Rule 1 considerations weigh heavily in favor of the Court allowing Plaintiff to amend her complaint out of time.

Based on the above legal guidance and principles, the Court found that Plaintiff should be allowed to file her Second Amended Complaint. The Court will discuss with the parties what this means for the schedule of the case going forward at the Status Conference set for November 29, 2021.

---

[29] ECF No. 67 at 3–4.

[30] Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 23rd day of November, 2021.

Teresa J. James
U.S. Magistrate Judge