**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| ALEXIS SWEARINGEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-2630-DDC-TJJ |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS ) | |
| OF LINN COUNTY, KANSAS, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF SUMMARY JUDGMENT AND TO REOPEN DISCOVERY**

This is a case about a 44-year-old Linn County Sheriff Deputy and School Resource Officer who impregnated Plaintiff Alexis Swearingen, when she was a 15-year-old student. David Allen Huggins was a deputy sheriff working in Pleasanton High School as part of an SRO program that the Linn County Sheriff's Office and USD 344 jointly administered and supervised. Plaintiff brought suit against the Board of County Commissioners of the County of Linn County, Kansas and Linn County Sheriff, Kevin Friend, in his official capacity (collectively "Linn County Defendants") and USD 344.

Discovery closed in this matter on November 30, 2021, pursuant to the Court's scheduling order. (Doc. 38).[1] However, on March 18, 2022, the Linn County Defendants produced an email from a Linn County Sheriff Detective containing extensive information

---

[1] The Court did later extend the deadline for the sole purposes of completing two expert depositions. (Doc. 101).

about David Huggins involvement with Plaintiff. **See Ex. A**.[2] The Linn County Defendants produced the email at about the same time they filed their motion for summary judgment and nearly four months after discovery closed. (Doc. 113, 114).

The late-produced email contains new information regarding information in the possession of the Linn County Defendants regarding their notice of David Huggins improper behavior toward Plaintiff. **See Ex. A**. The email also contains information regarding USD 344's notice of David Huggins improper behavior toward Plaintiff. *Id.* And the email identifies multiple witnesses, including the author of the email, who were never identified through Initial Disclosures or in discovery responses. *Id.*

Given the late date on which the email was produced, Plaintiff *could* request monetary sanctions under Federal Rule of Civil Procedure 37(c). However, counsel for plaintiff does not believe the email was willfully withheld. Instead, Plaintiff requests the opportunity to conduct additional discovery in order to gather the evidence that exists in this case. To that end, Plaintiff requests that the Court (1) grant Plaintiff 45 days to conduct additional discovery related to the allegations and witnesses identified in the email; (2) continue Plaintiff's deadline to respond to the two pending summary judgment motions (Doc. 110, 113) until 14 days after the end of the 45-day discovery period; (3) permit Plaintiff to amend her initial disclosures to add additional witnesses identified during this discovery period; and (4) permit Plaintiff's experts to revise their opinion testimony based on information gathered during this discovery period.

---

[2] Plaintiff has been unable to file the present motion until now because counsel was preparing for and then in a jury trial that ended March 30, 2022. (Case 19CV00830, District Court of Johnson County, Kansas)

2

## I.     Legal Standard

### A.  Fed. R. Civ. P. 56(d)

Federal Rule of Civil Procedure 56(d) states that: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

It is improper to grant summary judgment "'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).  "The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule [56(d)]." *Id*

The party seeking relief under Rule 56(d) does have obligations to the Court in seeking such relief.  As this Court has explained, the party must explain, by affidavit, "(1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts." *Burdette v. VigIndustries Inc.*, No. 10-1083-JAR, 2011 U.S. Dist. LEXIS 47973, at *4-5 (D. Kan. May 4, 2011) (citing *Price,* 232 F.3d at 783).  Nevertheless, "Even in the absence of a properly supported request under Rule [56(d)], a district court may, in the interest of justice, allow a party additional time to marshal what evidence [she] does have in opposition to a summary judgment motion." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).  "Unless Plaintiff's response is tardy or somehow lacking in merit, the Court should liberally consider

3

it." *Ledford v. Kinseth Hosp. Cos.*, No. 15-1156-GEB, 2017 U.S. Dist. LEXIS 90211, at *23-24 (D. Kan. June 13, 2017).

### B.  Fed. R. Civ. P. 37(c)

Federal Rule of Civil Procedure 37(c) governs late disclosure of discovery. Rule 37(e) states:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 26(a) relates to initial disclosures and pretrial disclosures. Rule 26(e) governs discovery responses and the supplementation of disclosures and discovery responses. A party has a duty to make a "reasonable inquiry" to determine if its discovery responses were "complete and correct as of the time made." Fed.R.Civ.P. 26(g)(1)(A).

The Court can impose sanctions under Rule 37(c) if it finds "a failure to timely disclose information" required by Fed.R.Civ.P. 26(a) or 26(e). The Court has broad discretion to impose sanctions for a Rule 26 violation. *Smith v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 6:21-CV-1023-HLT, 2021 U.S. Dist. LEXIS 232524, at *2 (D. Kan. Dec. 6, 2021). When making such a determination:

> the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered, (2) the ability to cure any prejudice, (3) the potential for trial disruption if the testimony is allowed, and (4) the erring party's bad faith or willfulness. The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm.

*Id.*

4

## II.     The Late-Produced Email

It cannot be disputed that the Linn County Defendants produced the email late. Discovery closed on November 30, 2021, and the Linn County Defendants produced the email on March 18, 2022. (Dove Aff. at ¶ 2).

The importance of the information in the email also cannot be disputed. First there are multiple witnesses identified that have not appeared in the Linn County Defendants initial disclosures or otherwise been identified in discovery. (Dove Aff. at ¶ 5). To begin, the Linn County Defendants did not identify the author of the email, Detective Bobby Johnson, who is a Linn County Deputy. ***See* Ex. A;** Dove Aff. at ¶ 4) Mr. Johnson clearly had gathered extensive information from multiple witnesses regarding David Huggins conduct toward Plaintiff. (Dove Aff. at ¶ 3) Plaintiff should be permitted to depose Mr. Johnson. Compare what Mr. Johnson reported in this email to the Linn County Defendants' response to interrogatories requesting information on this very topic. ***See* Ex. B at pp 3-5** (responses to Plaintiff's interrogatories). His email is particularly unexpected given the following testimony from Paul Filla, who was Sheriff at the time:

> Q. What investigations did the Sheriff's Office do of Mr. Huggins?
>
> A. Nothing, the KBI did it.

(Filla Depo. at 42:22-24). Sheriff Filla's testimony does not seem to accurately reflect what happened within the Sheriff's Office. Indeed, the email seems to document Mr. Johnson's investigation as well as several conversations that other people had with Sheriff Filla regarding David Huggins.

Further, the late-produced email identifies numerous other witnesses who likely have information regarding David Huggins and Plaintiff, including:

5

- Roger Holt, who was copied on the email;
- Paul McKee, who talked to Sheriff Filla;
- "parents" who were complaining that David Huggins was driving Plaintiff home from school;
- Mike Fagins (who was identified but not the information he provided to the Linn County Defendants);
- Deputy More (who was identified but not the full extent of his knowledge);
- Deputy More's daughter who reported that many students noticed how much time Plaintiff spent in David Huggins office

This email and the deposition of additional witnesses will provide additional information regarding the notice that the Linn County Defendants and USD 344 had and the foreseeability that David Huggins would harm Plaintiff. (Dove Aff. at ¶ 3) The email contains numerous previously unknown allegations, including that (1) parents observed Huggins taking Plaintiff home from school in the prior school year; (2) Mr. Faggins reported that Plaintiff "was unusually close" to Huggins at the Fair; (3) Huggins drove Plaintiff around during the summer; (4) Melissa Garret reported multiple instances of alarming conduct to the Sheriff's Office; (5) numerous students observed Plaintiff frequently going to David Huggins office. All of these allegations directly relate to the information and notice that Linn County Defendants and/or USD 344 had regarding David Huggins. This information is central to Plaintiff's case and necessary to defend against the Defendants' denials and dispositive motions.

This late-produced email also raises questions regarding the Linn County Defendants' discovery responses. For example, when and how was the email discovered?

6

Also, have the Linn County Defendants conducted a reasonable inquiry for other responsive information?

### III.   The Court Should Grant Relief to Plaintiff to Allow Her to Obtain Information Known But Not Disclosed

Facts precluding summary judgment are unavailable to Plaintiff because the Linn County Defendants has not produced relevant information, which would open the door to futher investigation.  Plaintiff could not obtain this information before because it was not known to exist, and the Linn County Defendants have control over the information. (Dove Aff. ¶ *7).*

The allegations and witnesses in the late-produced email raise essential issues in this matter, including:

- Whether the Linn County Defendants conducted a reasonable inquiry for responsive information;

- The information known by the Linn County Defendants regarding David Huggins' improper behavior toward Plaintiff and when the Defendants became aware of such information;

- The information known by USD 344 regarding David Huggins' improper behavior toward Plaintiff during the prior school year and school year at issue and when USD 344 became aware of such information; and

- The information known by the witnesses identified in the email, when they obtained such information, and when they reported such information to any of the Defendants.

(Dove Aff. ¶ 6).

7

In order to remedy the late-produced email, Plaintiff requests that the Court (1) grant Plaintiff 45 days to conduct additional discovery related to the allegations and witnesses identified in the email; (2) continue Plaintiff's deadline to respond to the two pending summary judgment motions (Doc. 110, 113) until 14 days after the end of the 45-day discovery period; (3) permit Plaintiff to amend her initial disclosures to add additional witnesses identified during this discovery period; and (4) permit Plaintiff's experts to revise their opinion testimony based on information gathered during this discovery period.

Respectfully submitted,

DRZ LAW, LLC

/s/ Chris Dove
Christopher Dove      KS #21251
Daniel R. Zmijewski  KS #21275
8700 State Line, Suite 305
Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com
dan@drzlawfirm.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2022, the foregoing was electronically filed using the Court's electronic filing system, which will send notice of electronic filing to all registered attorneys of record.

   /s/ Chris Dove