UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ALEXIS SWEARINGEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:20-cv-02630-DDC-TJJ |
| | ) |
| LINN COUNTY, KANSAS, | ) |
| LINN COUNTY SHERIFF PAUL FILLA, | ) |
| PLEASANTON UNIFIED SCHOOL | ) |
| DISTRICT 344, | ) |
| DAVID ALLEN HUGGINS, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE OF DEFENDANT PLEASANTON UNIFIED SCHOOL DISTRICT 344 ["SCHOOL DISTRICT"] TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF SUMMARY JUDGMENT AND TO REOPEN DISCOVERY**

## I.     INTRODUCTION

The Plaintiff, Alexis Swearingen, brings this action, as to the School District, pursuant to Title IX, 20 U.S.C. § 1681 et seq. and Kansas common law. She alleges that while a student at the School District, she was impregnated by a School Resource Officer Allen Huggins, who was an employee of the Linn County Sheriff's Office and assigned to the School District. [Pretrial Order, Doc. 109].

This action was filed on **December 14, 2020** [Doc. 1]. From that date until the close of discovery on **November 30, 2021**, Swearingen had full opportunity to perform written discovery and take depositions without limitation. On **March 17, 2022**, the School District filed its Motion for Summary Judgment [Doc. 110]. The next day, the Linn County Defendants produced an e-mail dated **October 26, 2017** from a Linn County Sheriff Detective Johnson [the "Johnson e-mail"] containing information concerning Huggins and Swearingen. As a result of this production, Swearingen now seeks an order from this Court deferring consideration of summary

judgment motions filed by both the School District and the Board and reopening discovery claiming:

> "The late-produced e-mail contains new information regarding information in the possession of the Linn County Defendants regarding their notice of David Huggins improper behavior toward Plaintiff...The e-mail also contains information regarding USD 344's notice of David Huggins improper behavior toward Plaintiff...And the e-mail identifies multiple witnesses, including the author of the e-mail, who were never identified through Initial Disclosures or in discovery responses..."

[Doc. 117 at pg. 2]

The Motion should be denied for several reasons. First, each of the individuals in the Johnson e-mail were identified by the School District at the outset in its Rule 26(a)(1) Initial Disclosures, served **June 4, 2021**, to include the general information the School District believed each held. Second, the Motion and attached affidavit are insufficient for purposes of Rule 35(d) and contain information that is patently untrue with regard to the School District.

## II.     ARGUMENTS AND AUTHORITIES

### A.     The Johnson E-mail.

To the extent her Motion applies to the School District, Swearingen argues that "the e-mail also contains information regarding USD 344's notice of David Huggins' improper behavior toward Plaintiff...and the e-mail identifies multiple witnesses, including the author of the e-mail, who were never identified through Initial Disclosures or in discovery responses." [Doc. 117 at pg. 2]. With regard to the former - USD 344's notice of Huggins improper behavior – the Johnson e-mail makes only one reference to the School District stating:

> "Just prior to the start of the school year, Travis Laver [USD 344 Superintendent] called complaining about Allen befriending girls on his Facebook."

[Doc. 117-1, Ex. LC000494].

No other allegation makes specific reference to the School District and several pertain to events that occurred doing the summer when school was not in session.

Swearingen's reliance on this statement as a basis for her Motion is misplaced in that she already knew, far in advance of the close of discovery, about Huggins' attempt to friend a student on social media. The genesis of Laver's complaint to the Sheriff, referred to in the Johnson e-mail, is an e-mail from a parent, Chasity Greene, to Superintendent Travis Laver dated **August 3, 2017** while School was not in session. [USD00554-00556].[1] [**Exhibit A** attached to Seck Declaration]. She complained about Huggins attempting to "friend" her daughter on social media. The e-mail string memorializes the steps taken by Laver after its receipt to include informing the Sheriff's Office. Critical to the denial of Swearingen's Motion, the document was produced as part of the School District's Initial Disclosures on **June 4, 2021**. [**Exhibit B** attached to Seck Declaration]. Since its disclosure, Swearingen had a full opportunity to take the deposition of Ms. Greene to learn additional information concerning the alleged "knowledge" of the School District regarding Huggins. That deposition was never taken.

The information concerning Laver's complaint to the Sheriff's Office was also revealed in the School District's Answers to Plaintiff's Interrogatories served **July 21, 2021** at ¶ 4. [**Exhibit C** attached to Seck Declaration]. There, the School District states:

> "Assuming this request is asking for actions taken by the School District, school was not in session during this time and would not be in session for another month. However, Superintendent Laver made contact with Huggins to let him know that asking students to be friends on Facebook or any social media platform was not appropriate. <u>Laver also sent a message immediately to Sheriff Filla forwarding the message from the parent</u> [Greene]." [Emphasis added].

---

[1] The Fall Semester did not begin until September 7, 2017. [Doc. 1, ¶40].

Swearingen did take the deposition of Travis Laver on **November 23, 2021**, just prior to the close of discovery and had a full and fair opportunity to make full inquiry concerning the e-mail from Ms. Greene. [Laver Depo, 21:16-25, 22:1-22]. [**Exhibit D** attached to Seck Declaration]. There Laver explained more about the receipt of the Greene's e-mail and the steps he took to inform the Sheriff of Huggins' conduct.

Thus, the only specific reference to the School District in Johnson's e-mail and the School District's response was fully known or could have been known to Swearingen <u>long</u> before the conclusion of discovery.

Swearingen next claims that the identity of several individuals referenced in Johnson's e-mail were unknown to her. This is certainly incorrect. For example, the e-mail refers to "Melissa Garrett." Garrett was the owner of the barbeque restaurant where Swearingen worked and is alleged to have taken a photograph of Swearingen and Huggins sitting in a booth at the restaurant being physically intimate.[2]

However, Swearingen cannot claim in good faith that she was unaware of Garrett. In fact, her initial Complaint specifically refers to Garrett all be it not by name:

> " ¶ 36 Defendant Huggins also would see and interact with Ms. Swearingen at the barbeque restaurant where she worked.
>
> ¶ 37 On one occasion, the owner of the restaurant observed Defendant Huggins sitting with and being physically intimate with Ms. Swearingen.
>
> ¶38 The owner of the restaurant was alarmed by the behavior and so took a picture and texted it to Defendant Sheriff Filla, asking for an explanation about what was going on."

[Doc 1]

---

[2] To this day, no photograph has ever been located or produced and Swearingen never saw one.

{O0367363}4

At no time did Swearingen take the deposition of Garrett to determine what, if anything, she knew relative to the School District. This failure is not the fault of the School District.

Swearingen next argues that:

> "The importance of the information in the e-mail also cannot be disputed. First, there are multiple witnesses identified that have not appeared in the Linn County Defendant's initial disclosures <u>or otherwise been identified in discovery</u>." (Dove Aff. at ¶ 5). To begin, the Linn County Defendants did not identify the author of the e-mail, Detective Bobby Johnson, who is a Linn County Deputy."

[Doc. 117, pg. 5; Doc. 117-1, ¶ 4] [Emphasis added].

This too is not accurate. The School District identified each of the persons in the Johnson e-mail in its Rule 26(a)(1) initial disclosures served on **June 4, 2021** stating:

> "¶ 12 Detective Bobby Johnson, Linn County Sheriff's Office. Johnson is believed to have information concerning his investigation of Mr. Huggins and the events which are the subject of this litigation. Johnson may be contacted through defense counsel for the County."

Johnson's deposition was never taken by Swearingen.

Next, the names Paul McKee and Mike "Faggins" were well known to Swearingen from the School District's Initial Disclosures:

> ¶ 15 Chief Paul McKee, Mound City Police Department, 318 E. Main Street, Mound City, Kansas, 66056. McKee is believed to have information concerning his recollection of the investigation of Mr. Huggins and Plaintiff.
>
> ¶ 16 Officer Michael Feagins, Mound City Police Department, 318 E. Main Street, Mound City, Kansas, 66056. Feagins is believed to have information concerning his recollection of the investigation of Mr. Huggins and Plaintiff.

Finally, the witness, Tommy Moore [actually spelled More], was also identified in the School District's Rule 26(a)(1) Initial Disclosures:

> ¶ 13 Detective Tommy Moore, Linn County Sheriff's Office. Moore is believed to have information concerning his investigation of Mr. Huggins and the events which are subject of this litigation. Moore may be contacted through defense counsel for the County.

In short, not one individual identified in the Johnson e-mail was unknown to Swearingen as of **June 4, 2021**. Yet, she took no action to depose these individuals or send written discovery to the County, let alone the School District, asking for any information that now appears in Johnson's e-mail. For this reason, the Motion to reopen discovery is a pretense.

**B.     Dove's Rule 56(d) Affidavit is insufficient.**

Under Fed. R. Civ. P. 56(d) a district court may permit additional time for discovery if "a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Birch v. Polaris Industries, Inc.,* 812 F. 3d 1238, 1249 (10th Cir. 2015). That declaration must specify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* See also *Valley Forge Ins. Co. v. Healthcare Mgmt. Partners, Ltd.,* 616 F. 3d 1086, 1096 (10th Cir. 2010) (alteration in the original) (internal quotations marks omitted). "We expect Rule 56(d) motions to be robust and we have observed that '[an] affidavit's lack of specificity' counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule." *Birch,* 812 F. 3d at 1249-1250; *Ellis v. J.R.'s Country Stores, Inc.,* 779 F. 3d 1184, 1206 (10th Cir. 2015).

Here, Swearingen's Motion and Dove's Affidavit are certainly not robust by any means. With regard to the second and third prongs of the test, there is no explanation as to why discovery was not performed with regard to any of the persons in Johnson's e-mail when they were specifically identified by the School District in its initial disclosures.

As to the fourth prong and particularly as to the School District, there is no explanation as to how additional time will enable Swearingen to obtain facts to rebut the School District's

Motion for Summary Judgment. Nothing in the Johnson e-mail or Dove's Affidavit even remotely suggests that additional discovery would enable Swearingen to meet her burden under Title IX demonstrating actual knowledge and deliberate indifference on the part of the School District. And, the only mention of the School District in the Motion and Affidavit deals with Laver's call to Filla which was revealed in the School District's initial disclosures, documents produced with those disclosures, interrogatory answers and Laver's deposition.

### III.   CONCLUSION

Based on the foregoing arguments and authorities, the School District requests that this Court **DENY** Plaintiff's motion and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, L.L.P.**

/s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS  66210
(913) 339-6757 / Fax : (913) 660-7919
mseck@fpsslaw.com
*Attorney for Defendant Pleasanton*
*Unified School District # 344*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2022, I electronically filed the foregoing document with the Clerk of the District Court, and a copy was served via e-mail on the following:

Chris Dove
Daniel R. Zmijewski
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
P: 816-333-4379
F: 816-523-5667
chris@drzlawfirm.com
dan@drzlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

Kevin D. Case
2600 Grand Blvd., Ste. 300
Kansas City, MO 64108
(816) 979-1516/Fax:  (816) 979-1501
kevin.case@caselinden.com
**ATTORNEY FOR LINN COUNTY DEFENDANTS**

                                                      /s/ Michael K. Seck
                                                    Michael K. Seck