## DECLARATION OF MICHAEL K. SECK

I, Michael K. Seck, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury and the laws of the United States of America, that the following is true and correct:

1.     I am a partner at the law firm of Fisher Patterson Sayler & Smith.

2.     I am counsel of record for Defendant Pleasanton Unified School District 344 in the matter of Alexis Swearingen v. Board of County Commissioners of the County of Linn County, Kansas, et al., Case No. 20-cv-2630-DDC-TJJ.

3.     During this litigation, I have caused certain documents to be electronically signed with my name, having either prepared the documents or reviewed and approved the documents for service on counsel or the Court.

4.     Attached as **Exhibit "A"** is a genuine copy of an e-mail from Chasity Greene to Superintendent Travis Laver dated August 3, 2017 while school was not in session. It was produced as part of the School District's Initial Disclosures. [USD00554-00556].

5.     Attached as **Exhibit "B"** is a genuine copy of Defendant Pleasanton USD 344's Rule 26(a)(1) Initial Disclosures that I caused to be served on counsel by date of **June 4, 2021**. The Notice of Service [Doc. 33] memorializes this event.

6.     Attached as **Exhibit "C"** is a genuine copy of Answers of Pleasanton Unified School District 344 to Plaintiff's Interrogatories that I caused to be served on **July 21, 2021**.

7.     Attached as **Exhibit "D"** genuine copy of relevant pages from the deposition of Travis Laver referred to in the accompanying Response.

8.     At no time after serving any of these documents was there a request for discovery or depositions of any individuals identified in the "Johnson email" which is the subject of

of Plaintiff's Motion to Defer Consideration of Summary Judgment and to reopen discovery.

[Doc. 116].

Executed on this 11th day of April, 2022

_____

Michael K. Seck

1/31/2018                    Pleasanton USD 344 Mail - Allen Huggins

 **PLEASANTON USD 344**                    Travis Laver <travis.laver@usd344.org>

## Allen Huggins
6 messages

**Chasity Greene** <youngtattoomom3@icloud.com>                    Thu, Aug 3, 2017 at 11:57 PM
To: travis.laver@usd344.org

Sorry to bug you so late at night, but I am very concerned about the behavior of Allen Huggins. Last year he had told Jazz to punch a girl (Brooke) in the face and I found that inappropriate of course. I told her not to interact with him unless someone was needing help and she had to. I guess the main problem tonight is that he has tried to friend request Jazz. She wouldn't have said anything to me if she didn't feel uncomfortable. I feel uncomfortable for her and on edge with him. I have also heard from other people how they do not trust him around their girls; which makes me even more uneasy. Sorry to bug you with this, just thought you should know.

Chasity Greene

Sent from my iPhone

**Travis Laver** <travis.laver@usd344.org>                    Fri, Aug 4, 2017 at 7:14 AM
To: Chasity Greene <youngtattoomom3@icloud.com>

Thanks for the note.  I will forward this to Paul Filla who is his boss and we will address it.

Travis

Sent from my iPhone
[Quoted text hidden]

**Travis Laver** <travis.laver@usd344.org>                    Fri, Aug 4, 2017 at 7:15 AM
To: Paul Filla <sherifffilla@linncountyso.com>

Got this from a parent.  I have never witnessed anything inappropriate, however I would never recommend being friends with a student on Facebook.

Travis

Sent from my iPhone

Begin forwarded message:

> **From:** Chasity Greene <youngtattoomom3@icloud.com>
> **Date:** August 3, 2017 at 11:57:51 PM CDT
> **To:** travis.laver@usd344.org
> **Subject: Allen Huggins**
>
> Sorry to bug you so late at night, but I am very concerned about the behavior of Allen Huggins. Last year he had told Jazz to punch a girl (Brooke) in the face and I found that inappropriate of course. I told her not to interact with him unless someone was needing help and she had to. I guess the main problem tonight is that he has tried to friend request Jazz. She wouldn't have said anything to me if she didn't feel uncomfortable. I feel uncomfortable for her and on edge with him. I have also heard from other people how they do not trust him around their girls; which makes me even more uneasy. Sorry to bug you with this, just thought you should know.
>
> Chasity Greene
>
> Sent from my iPhone

**EXHIBIT A**

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    USD 00554

1/31/2018                                   Pleasanton USD 344 Mail - Allen Huggins

**Paul Filla** <sherifffilla@linncountyso.com>                      Fri, Aug 4, 2017 at 7:34 AM
To: Travis Laver <travis.laver@usd344.org>

Thanks for the info.  I neither have seen any inappropriate behavior but he friendliness with kids sometimes comes across like it's something other than what it is.  I know at the Christian Church in LaCygne on Wednesdays he went in there and interacted with the kids and they loved him.  Having said all that we will have to address it are you going to mention anything to him from the school perspective??


Paul




**From:** Travis Laver [mailto:travis.laver@usd344.org]
**Sent:** Friday, August 4, 2017 7:16 AM
**To:** Paul Filla <sherifffilla@linncountyso.com>
**Subject:** Fwd: Allen Huggins

[Quoted text hidden]




Linn County Sheriff's Office
107 S 4th St.
Mound City, Kansas 66056
913-795-2665 Office
913-795-2380 Fax

CONFIDENTIALITY NOTICE:

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. (LINN-IT)

**Travis Laver** <travis.laver@usd344.org>                          Fri, Aug 4, 2017 at 8:27 AM
To: Paul Filla <sherifffilla@linncountyso.com>

Already did.  Told him I don't recommend being friends with any students in social media.

Sent from my iPhone
[Quoted text hidden]

**Paul Filla** <sherifffilla@linncountyso.com>                      Fri, Aug 4, 2017 at 8:31 AM
To: Travis Laver <travis.laver@usd344.org>

Good we will take care of it here.  I really don't want to lose him for any reason but STUPID stuff would really hurt.  I know he has some stuff going on in his personal life but he needs to remain focused.


Thanks again

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER          USD 00555

Paul

**From:** Travis Laver [mailto:travis.laver@usd344.org]
**Sent:** Friday, August 4, 2017 8:28 AM
**To:** Paul Filla <sheriffilla@linncountyso.com>
**Subject:** Re: Allen Huggins

[Quoted text hidden]

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER          USD 00556

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALEXIS SWEARINGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 2:20-cv-02630-DDC-TJJ |
| | ) | |
| LINN COUNTY, KANSAS, | ) | |
| LINN COUNTY SHERIFF PAUL FILLA, | ) | |
| PLEASANTON UNIFIED SCHOOL | ) | |
| DISTRICT 344, | ) | |
| DAVID ALLEN HUGGINS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PLEASANTON U.S.D. 344'S RULE 26(a)(1) INITIAL DISCLOSURES

COMES NOW Defendant Pleasanton U.S.D. 344, pursuant to Federal Rule of Civil Procedure 26(a)(1) and provides the following Initial Disclosures.

**A.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION.**

1.     Plaintiff Alexis Swearingen.  Ms. Swearingen is believed to have information concerning her claims and damages.

2.     David Allen Huggins, Address unknown.  Mr. Huggins is believed to have information concerning his relationship with Ms. Swearingen.

3.     Ryan Swearingen, 20050 E. 1100 Rd., Pleasanton KS 66075.  Mr. Swearingen is believed to have information concerning Plaintiff's claims and damages and his relationship with Mr. Huggins.

4.     Jessica Swearingen, 20050 E. 1100 Rd., Pleasanton KS 66075. Ms. Swearingen is believed to have information concerning Plaintiff's claims and damages.

**EXHIBIT B**

{O0361927}

5.      Travis Laver, Superintendent, USD 344.  Laver has information concerning the employment of Mr. Huggins through the SRO program and investigation of claims as notified. Laver may be contacted through defense counsel.

6.      Mitch Shaw, Principal, USD 344.  Shaw has information concerning his investigation and communications with employees concerning Mr. Huggins and Plaintiff. Shaw may be contacted through defense counsel.

7.      Kendra Marshall, Librarian, USD 344.  Marshall has information concerning her observations and knowledge of statements made by Plaintiff concerning Mr. Huggins and Plaintiff's father.  Marshall may be contacted through defense counsel.

8.      Ericka Gilbert, Cheer Coach, USD 344.  Gilbert has information concerning her communications with Plaintiff and Plaintiff's mother, Jessica Swearingen concerning the events leading up to this litigation.  Gilbert may be contacted through defense counsel.

9.      Tara Carpenter, USD 344.  Carpenter is believed to have information concerning her communications with Huggins during his time as SRO for USD 344.  Carpenter may be contacted through defense counsel.

10.     John Heidrick, Learning Disabilities Teacher, USD 344.  Heidrick is believed to have information concerning his recollection of the events and communications regarding relationship between Plaintiff and Mr. Huggins.

11.     Paul Filla, Former Sheriff, Linn County.  Filla is believed to have information concerning his investigation of Mr. Huggins and the events which are the subject of this litigation, the Memorandum of Understanding for the SRO program, and communications with USD 344 personnel concerning the events of this matter.  Filla may be contacted through defense counsel for the County.

12.     Detective Bobby Johnson, Linn County Sheriff's Office. Johnson is believed to have information concerning his investigation of Mr. Huggins and the events which are the subject of this litigation. Johnson may be contacted through defense counsel for the County.

13.     Detective Tommy Moore, Linn County Sheriff's Office. Moore is believed to have information concerning his investigation of Mr. Huggins and the events which are the subject of this litigation. Moore may be contacted through defense counsel for the County.

14.     Chief Tate West, LaCygne Police Department., 206 N. Commercial Street, LaCygne KS 66040. West is believed to have information concerning his recollection of the investigation of Mr. Huggins and Plaintiff.

15.     Chief Paul McKee, Mound City Police Department. 318 E. Main St., Mound City KS 66056. McKee is believed to have information concerning his recollection of the investigation of Mr. Huggins and Plaintiff.

16.     Officer Michael Feagins, Mound City Police Department. 318 E. Main St., Mound City KS 66056. Feagins is believed to have information concerning his recollection of the investigation of Mr. Huggins and Plaintiff.

17.     Agent Jim Bridges, Kansas Bureau of Investigation, 1620 SW Tyler St., Topeka KS 66612. Bridges is believed to have information concerning the investigation of the relationship between Mr. Huggins and Plaintiff.

18.     Special Agent Ronnie Burk, Kansas Bureau of Investigation 1620 SW Tyler St., Topeka KS 66612. Burk is believed to have information concerning the investigation of the relationship between Mr. Huggins and Plaintiff.

19.     Special Agent William Smith, Kansas Bureau of Investigation 1620 SW Tyler St., Topeka KS 66612.  Smith is believed to have information concerning the investigation of the relationship between Mr. Huggins and Plaintiff.

20.     Special Agent Steve Gillespie, Kansas Bureau of Investigation 1620 SW Tyler St., Topeka KS 66612.  Gillespie is believed to have information concerning the investigation of the relationship between Mr. Huggins and Plaintiff.

21.     Special Agent Tyler Goldsby, Kansas Bureau of Investigation 1620 SW Tyler St., Topeka KS 66612.  Goldsby is believed to have information concerning the investigation of the relationship between Mr. Huggins and Plaintiff.

22.     Senior Special Agent Dave Brede, Kansas Bureau of Investigation 1620 SW Tyler St., Topeka KS 66612.  Brede is believed to have information concerning the investigation of the relationship between Mr. Huggins and Plaintiff.

23.     Larry Lamb, Able Bail Bonding, 2 E. 18th Street, Fort Scott, Kansas 66701.  Lamb is believed to have information concerning the bond conditions of Mr. Huggins.

24.     Sarah Southwick Protection Supervisor, Kansas Department of Children and Families.  Ms. Southwick is believed to have information concerning her recollection of the investigation of the relationship of Mr. Huggins and Plaintiff.

25.     Any witnesses required for foundation.

26.     Any witnesses identified by any other Party.

27.     Any rebuttal witnesses.

28.     Any witnesses deposed from now until trial.

29.     Any witnesses identified in written discovery from now until trial.

30.     Any witnesses identified in depositions from now until trial.

{O0361927}

**B.**   **DOCUMENTS WHICH MAY BE USED TO SUPPORT DEFENSES**

1.   Plaintiff's Student Records from Jayhawk-Linn [Bates Nos. USD 00001 – 00044]

2.   Plaintiff's school attendance records from USD 344. [Bates Nos. USD 00045 – 00091]

3.   Plaintiff's Grade records from USD 344. [Bates Nos. USD 00092 – 00093]

4.   Text Message Conversation of Plaintiff and Cheer Coach Ericka Gilbert. [Bates Nos. USD 00094 – 00097]

5.   Text Message Conversation of Plaintiff's Mother Jessica Swearingen and Cheer Coach Ericka Gilbert. [Bates Nos. USD 00098 – 00107]

6.   SRO Program - Memorandum of Understanding [USD 00108 – 00112]

7.   Policy JGEC – Sexual Harassment. [Bates Nos. USD 00113 – 00115]

8.   KDCF Guide to Reporting Child Abuse and Neglect. [Bates Nos. USD 00116 – 00143]

9.   Statement of Mitch Shaw [Bates Nos. USD 00144 – 00147]

10.   Statement of Kendra Marshall dated 12-18-2017 [Bates Nos. USD 00148]

11.   Statement of Kendra Marshall dated 1/29/2018 [Bates Nos. USD 00149]

12.   Plaintiff's Notice of Claim [Bates Nos. USD 00150]

13.   Criminal case of David Allen Huggins, Linn County District Court Case No. 2018-CR-00001. [Bates Nos. USD 00243 – 00382] .

14.   Criminal case of David Allen Huggins, Linn County District Court Case No. 2018-CR-00029 [Bates Nos. USD 00383 – 00553].

15.   Parent email to Mr. Laver dated August 3, 2017. [Bates No. USD 00554 - 00556]

16.   Huggins impact statement [Bates Nos. USD 00557 – 00558]

17.   Email Heidrick to Laver dated October 5, 2017. [Bates Nos. USD 00559]

18.   Board Policies of USD 344. [Bates Nos. USD 00560 – 01061]

19.   Huggins text messages with Tara Carpenter. [Bates Nos. USD 01062 - 0106

20. All written discovery from now until trial.

21. All documents produced by Plaintiff from now until trial.

22. All documents produced by co-defendants from now until trial.

23. Any admissible documents identified by any party.

24. Any admissible documents disclosed during discovery by any party.

25. Any and all impeachment and/or rebuttal exhibits.

26. Any admissible documents identified during depositions in this matter.

27. The transcripts of any depositions taken in this matter.

## C. COMPUTATION OF DAMAGES

Not applicable.

## D. INSURANCE AGREEMENT

Coverage documents [Bates No. USD 00151 – 00242].

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, L.L.P.

/s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS  66210
(913) 339-6757 / Fax : (913) 339-6187
mseck@fpsslaw.com
**Attorney for Defendant Pleasanton
Unified School District # 344**

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, I electronically filed the foregoing document with the Clerk of the District Court, and a copy was served via e-mail on the following:

Chris Dove
Daniel R. Zmijewski
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
P: 816-333-4379
F: 816-523-5667
chris@drzlawfirm.com
dan@drzlawfirm.com
**ATTORNEYS FOR PLAINTIFF**


Kevin D. Case
Cory R. Buck
2600 Grand Blvd., Ste. 300
Kansas City, MO 64108
(816) 979-1516/Fax:  (816) 979-1501
kevin.case@caselinden.com
cory.buck@caselinden.com
**ATTORNEYS FOR LINN COUNTY
DEFENDANTS**


/s/ Michael K. Seck_____
Michael K. Seck

{O0361927}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEXIS SWEARINGEN                )
                                 )
        Plaintiff,               )
                                 )
v.                               )        Case No.: 20-cv-2630-DDC-TJJ
                                 )
BOARD OF COUNTY                  )
COMMISSIONERS OF THE COUNTY      )
OF LINN COUNTY, KANSAS;          )
PLEASANTON UNIFIED SCHOOL        )
DISTRICT 344.                    )
                                 )
                                 )
        Defendants.              )

## USD 344'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PLEASANTON UNIFIED SCHOOL DISTRICT 344.

COMES NOW Defendant, Pleasanton Unified School District 344 ["USD 344"] and for its answers to Plaintiff's First Set of Interrogatories states as follows:

### DEFINITIONS

"You" or "your" shall mean Pleasanton Unified School District 344, and includes its board of education, agents, managers, supervisors, officials, directors, current and former employees and representatives

### INTERROGATORIES

1.      Identify every individual possessing factual information related to the allegations of this suit, your Answer or any of your stated affirmative defenses. For each individual, provide the individuals name and contact information and identify the factual information the individual possesses.

ANSWER:   See USD #344 Rule 26 Initial Disclosures.  In addition, Jennifer Lowe, Pleasanton USD #344., Ms. Lowe had conversations with parents in regards to Plaintiff's absences.  Ms. Lowe

EXHIBIT C

also caught Plaintiff skipping school and reported to parents. Ms. Lowe also had conversations with the parents that they were requesting that Plaintiff meet with Huggins during school time.

2.      Identify any training you provided to your employees to assist in identifying, preventing, reporting and/or responding to sexual harassment or assault.

**ANSWER:**    Annual Mandated Reporter training. This training usually occurs in September each year.

3.      Identify any training you provided to your employees to assist in complying with Title IX, , 20 USC ¶ 1681 et seq.

**ANSWER:**    USD #344 objects to this interrogatory because it is not reasonably limited in time. Title IX training has not been a requirement until 2020. All training after this date is irrelevant to the issues in this case.

4.      During the time that David Allen Huggins was a school resource officer, identify every communication you received relating to Huggins and any inappropriate interactions he had with employees or students. In identifying such complaints, please state:

    a.   The name(s) of the person(s) who reported the harassment;

    b.   The nature of the complaint;

    c.   The date(s) on which the report(s) were made;

    d.   Any action(s) the County took to investigate the complaint(s);

    e.   Any disciplinary action(s) the County took against Huggins.

**ANSWER:**    Superintendent Laver received an email from a parent about Mr. Huggins.

    a.   Chastity Greene, a parent.
    b.   Ms. Greene reported that Huggins sent a friend request to her daughter on Facebook.
    c.   Reported 8/3/2017.

{00362561}2

d.    Unsure of what actions the County took to investigate.  Assuming this request is asking for actions taken by the school district, school was not in session during this time and would not be in session for another month.  However, Superintendent Laver made contact with Huggins to let him know that asking students to be friends on Facebook or any social media platform was not appropriate.  Laver also sent a message immediately to Sheriff Filla forwarding the message from the parent.

e.    Unaware of what disciplinary actions the County made against Huggins.

5.    Identify every complaint or notice you received relating to sexual harassment or assault of a student by any employee, other student, or adult in the five years before August 2017. In identifying such complaints, please state:

a.   The name(s) of the person(s) who reported the sexual harassment or assault;

b.   The name(s) of the alleged victim(s);

c.   The date(s) on which the report(s) were made;

d.   Any action(s) you took to investigate the complaint(s);

e.   Any disciplinary action(s) you took against the alleged perpetrator(s).

**ANSWER:**    A report was made of an inappropriate message sent to an 8th grade student.

a.    Chief of Pleasanton PD, Tanner Ogden.

b.    USD #344 objects to the identification of the minor who is not the subject of this lawsuit

c.    Saturday, January 24, 2015

d.    Once contacted by Chief Ogden, the School District looked up the address of the victim and realized she lived in the county.  Sheriff Filla was contacted within 30 minutes and met with School District personnel.  It is believed that the Sheriff assigned a deputy to begin the paperwork for a search warrant for cell phone records.  It is also believed that the Sheriff contacted the KBI to investigate.  Superintendent Laver contacted the employee who said he was out of town and would return the next day.  On Sunday, January 25th Laver sent a text to the employee asking him to meet at Laver's office that afternoon.  The employee came to Laver's office and met with Linn County Sheriff Filla, Pleasanton Police Chief Ogden and a Linn County Deputy and admitted sending text messages to the student.  At that time Deputy Chris Martin served the search warrant and seized the employee's phone and the employee was arrested.

e.    The employee was put on administrative leave from the district on Sunday, January 25th pending completion of KBI's investigation.  He was then permanently banned from the school district.

6.      Identify every communication between your employees and David Allen Huggins regarding Alexis Swearingen.  In identifying such communications, please state:

    a.  The name(s) of the person(s) communicating;

    b.  The date(s) of the communication;

    c.  What was said during the communication.

**ANSWER:**   USD #344 objects to this interrogatory because it is overly broad and not proportional to the claims in this case insofar as it would require the polling of each and every employee or former employee during Huggins assignment to the School District.   Those communications that could reasonably be identified include:

A meeting occurred which included Ryan Swearingen and Mitch Shaw.   Mr. Swearingen began cursing at Mr. Shaw accusing him of being a pitiful and negligent principal that allowed his daughter to have relations with a former student on a summer field trip and called the secretaries "nosy twats". The date of the meeting was approximately 10/11/2017.

Another meeting occurred with Huggins, Sheriff Filla, Mitch Shaw and Travis Laver to address the fact that Huggins did nothing during the heated meeting to remove Ryan Swearingen on 10/11/2017 and it was decided by Sheriff Filla after that meeting that Huggins would be reassigned to a non-SRO position outside of school. The exact date of this meeting is unknown.

7.      Identify every communication or meeting between or among your employees regarding David Allen Huggins and Alexis Swearingen.  In identifying such communications, please state:

    a.  The name(s) of the person(s) communicating or meeting;

    b.  The date(s) of the communication or meeting;

    c.  What was said during the communication or meeting.

**ANSWER:**   USD #344 objects to this interrogatory because it is overly broad and not proportional to the claims in this case insofar as it would require the polling of each and every employee or former employee during Huggins assignment to the School District.   Those communications that could reasonably be identified include:

    a.      John Heidrick.
    b.      10/5/2017

{00362561}4

c.    Heidrick emailed Laver asking if he knew what was going on with Plaintiff and SRO Huggins' roll.   See Bates No. USD 00599 previously produced pursuant to Rule 26(a)(1) Disclosures.

a.    Kendra Marshall.
b.    12/18/2017
c.    See Bates No. USD 00148 previously produced pursuant to Rule 26 (a)(1) Disclosures.

a.    Kendra Marshall.
b.    1/29/2018
c.    See Bates No. USD 00149 previously produced pursuant to Rule 26 (a)(1) Disclosures.

8.    Identify any reports or "rumors" that you received regarding improper behavior regarding David Allen Huggins and Alexis Swearingen.  In identifying such communications, please state:

a.  The name(s) of the person(s) who received the report;

b.  The date(s) of the report;

c.  What was reported.

**ANSWER:**    USD #344 objects to this interrogatory because it is vague and ambiguous as to what is or is not a "rumor." Those reports that could reasonably be identified include:

a.    John Heidrick.
b.    10/5/2017
c.    Heidrick emailed Laver asking if he knew what was going on with Plaintiff and SRO Huggins' roll.   See Bates No. USD 00599 previously produced pursuant to Rule 26(a)(1) Disclosures.

a.    Kendra Marshall.
b.    12/18/2017
c.    See Bates No. USD 00148 previously produced pursuant to Rule 26 (a)(1) Disclosures.

a.    Kendra Marshall.
b.    1/29/2018
c.    See Bates No. USD 00149 previously produced pursuant to Rule 26 (a)(1) Disclosures.

9.     Identify any source of funding you received to fund the SRO program.

**ANSWER:**   **None.**

10.     Identify the factual bases of your affirmative defenses.

**ANSWER:**     USD #344 objects to this interrogatory as drafted because it is overly broad in that it does not call for the identification of only material facts. The material facts that support the affirmative defenses of the School District include: Deputy Huggins was employed as a certified law enforcement officer with the Linn County Sheriff's Department and, upon information and belief, was appropriately trained regarding the laws of the State of Kansas, particularly with regard to sexual relations with a minor. At the time of Huggins assignment to the School District, it was unaware of any information indicating that Huggins would have been an inappropriate choice for the SRO position. The SRO position, by its nature, requires extensive interaction between the SRO and students in the building. The in-school meetings between Huggins and Plaintiff, when known, were not of sufficient time, duration, or frequency to rise to the level that required school administrators to take action. Plaintiff never informed school administrators that she was having a sexual relation with Huggins and, in fact, appears to have intentionally lied about her contact. Also, upon information and belief, Mrs. Swearingen informed one or more individuals employed by the School District that it was okay for Huggins to meet with her daughter because Huggins was a family friend and was helping her daughter through a difficult time. School administrators did not learn of the relationship between plaintiff and Huggins until sometime later after Huggins had been reassigned to a non-SRO position outside the school.

The School District reserves the right to supplement its answer as discovery becomes available.

11.     Is there any insurance policy through which you or your employee may be entitled to coverage for losses or expenses related to the claims asserted against you in this case, including but not limited to defense costs, indemnity for settlements, or damages awarded against you, or loss and adjustment expenses? If so, for each policy state:

    a.   The policy number of the insurance policy and the effective dates of coverage;

    b.   whether any controversy or coverage dispute exists between you and the insurer;

    c.   whether the insurer issuing the insurance policy has issued a written reservation of rights.

**ANSWER:**   See Bates Nos. USD 00151 – 00242, previously produced pursuant to Rule 26(a)(1) Disclosures.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, L.L.P.

/s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS  66210
(913) 339-6757 / Fax : (913) 339-6187
mseck@fpsslaw.com
***Attorney for Defendant Pleasanton***
***Unified School District # 344***

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021 I electronically filed the foregoing document with the Clerk of the District Court, and a copy was served via e-mail on the following:

Chris Dove
Daniel R. Zmijewski
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
P: 816-333-4379
F: 816-523-5667
chris@drzlawfirm.com
dan@drzlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

Kevin D. Case
2600 Grand Blvd., Ste. 300
Kansas City, MO 64108
(816) 979-1516/Fax:  (816) 979-1501
kevin.case@caselinden.com
**ATTORNEY FOR LINN COUNTY**
**DEFENDANTS**

/s/ Michael K. Seck
Michael K. Seck

{00362561}7

1   question.  Calls for speculation on the part of

2   the witness.

3              MR. BUCK:  I'll join.

4              MR. SECK:  You can go ahead and

5   answer, Travis.

6      A   Being in a situation like that it depends

7   on what the teacher is teaching.  I mean there's

8   several factors that we probably look at.  Prior

9   history, anything after that.  I mean length of

10  time.

11             I don't know what length of time was in

12  between that and the time that we had looked at

13  Huggins.  If there wasn't anything in between that

14  and, say, a few years had passed, I would say it's

15  probably a one-time deal.

16     Q   (By Mr. Dove)  I'm going to put up for you

17  an E-mail I think you've seen before.  And it's

18  not this one.  Just a second to shift around.

19  Okay, it's this E-mail.

20             Can you see this E-mail?

21     A   Yes.

22     Q   From Chastidy Greene to you?

23     A   Yes.

24     Q   And do you recall receiving this E-mail?

25     A   Yes, I do.

1      Q    Okay.  And so this E-mail is from Chastidy

2   Greene, a parent or student at the District, and

3   her daughter is named is Jazz, I believe; is that

4   correct?

5      A    Yes, Jasmine was her name.

6      Q    Jasmine, thank you.

7           After you received this E-mail did you

8   talk to Miss Greene at all about the E-mail or

9   about what she's alleging?

10     A    I replied via E-mail there that I was

11  going to visit with Deputy Huggins and then I

12  would also send that to the sheriff and it would

13  be addressed.

14          I then reached out to Huggins.  I don't

15  recall if I met face-to-face with him or called

16  him.  With school not being in session I would

17  guess that I probably called him and told him that

18  it's not appropriate at all for him to be friends

19  with students on social media.

20          My understanding is that Sheriff Filla did

21  the same thing and there were no other instances

22  with issues after that.

23          In addition this would follow guidance in

24  our staff handbook if we're to have an incident

25  like this.