**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ALEXIS SWEARINGEN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 20-cv-2630-DDC-TJJ** |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS | ) | |
| OF LINN COUNTY, KANSAS, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY TO UNIFIED SCHOOL DISTRICT 344 RESPONSE TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF SUMMARY JUDGMENT AND TO REOPEN DISCOVERY**

It would appear, based on its response brief, that Defendant Unified School District 344's (School District) did not have time to read the actual content of Plaintiff's motion. The School District sets up and then admirably takes down arguments that Plaintiff did not make in her opening brief. It cannot be disputed that the Bobby Johnson e-mail (Ex. A) that the Linn County defendants produced late raises new information regarding witnesses and notice that is central to Plaintiff's claims.

To begin, the School District states that "the Johnson e-mail makes only one reference to the School District stating: 'Just prior to the start of the school year, Travis Laver called complaining about Allen befriending girls on his Facebook'." But that is not accurate as the School District's quote is not the only reference to the School District. The Johnson email also references (1) "parents" who were complaining that David Huggins was driving Plaintiff home from school, and (2) that Deputy More's daughter reported that many students noticed how much time Plaintiff spent in David Huggins office at the school. (*See* **Ex. A**.) Perhaps the School District made this mistake because it has not had adequate

time to review the email, which only was recently produced. But Plaintiff's briefing specifically identified the additional references to the School District. (*See* Plaintiff's Memo. at p. 6.) The information about what parents and other students in the School District knew and reported is new. It was not disclosed during discovery. The news that numerous parents and students were aware of Huggins' improper behavior is certainly relevant to the School District's liability for such conduct.

Next, the School District spends a couple pages discussing Chasity Greene. Plaintiff's briefing did not even mention Ms. Greene as a reason to re-open discovery.

Next, the School District states that Plaintiff claimed that Melissa Garrett was not disclosed. Once again, that is not accurate. Nowhere in Plaintiff's brief does she claim that Ms. Garrett's name was not disclosed. What *is* true is that in response to Plaintiff's interrogatories, the Linn County defendants stated only, with respect to Ms. Garrett, that: "In September and/or October 2017, Linn County Sheriff's Deputy Tom More heard an unconfirmed rumor that Plaintiff was seen putting her foot between Huggins's legs while at a restaurant." (*See* Ex. B at 3). With the production of the Johnson e-mail we **now** know that Ms. Garrett reported much more than that, and that more people than Deputy More were involved in investigating such claims. Plaintiff should be permitted to discover what else might have been reported and when such information was reported.

Finally, with respect to the other potential witnesses identified in the Johnson e-mail, the actual issue is what information they reported to the Linn County defendants and what information potentially reached the School District. As Plaintiff explained in her opening brief, former-Sheriff Paul Filla claimed that they had not even done an investigation of Huggins. Presumably, not even counsel for the Linn County defendants was aware that an investigation had, in fact, been done and that Bobby Johnson and the

witnesses identified in the email were involved. Because if they had, then the Johnson email would have been produced and these witnesses would have been disclosed. The Johnson email opens up a world of information previously withheld from Plaintiff. Plaintiff is entitled to this information and should not be punished because the Linn County defendants did not produce the email until well after the close of discovery.

Respectfully submitted,

DRZ LAW, LLC

/s/ Chris Dove
Christopher Dove      KS #21251
Daniel R. Zmijewski  KS #21275
8700 State Line, Suite 305
Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com
dan@drzlawfirm.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on April 20, 2022, the foregoing was electronically filed using the Court's electronic filing system, which will send notice of electronic filing to all registered attorneys of record.

/s/ Chris Dove

3