## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ALEXIS SWEARINGEN,**

       **Plaintiff,**

**v.**

**BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF LINN COUNTY, KS, et al.,**

       **Defendants.**

**Case No. 2:20-cv-02630-DDC-TJJ**

### ANSWERS AND OBJECTIONS OF BOARD OF COUNTY COMMISSIONERS OF LINN COUNTY TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Board of Commissioners of the County of Linn County, KS ("BOCC)", by undersigned counsel, provides the following answers and objections to Plaintiff's First Interrogatories to Defendant Board of County Commissioners of the County of Linn County, KS.

### DEFINITIONS

1. "You" or "your" shall mean Linn County, Kansas, including the Board of County Commissioners, the Sheriff's Office, Paul Filla, and any departments, agencies, agents, officials, directors, current and former employees and representatives.

### INTERROGATORIES

1. Identify every individual possessing factual information related to the allegations of this suit, your Answer or any of your stated affirmative defenses. For each individual, provide the individuals name and contact information and identify the factual information the individual possesses.

**ANSWER:**

In addition to the witnesses identified in the parties' Rule 26 disclosures, Defendant identifies the following individuals who may possess factual information related to this suit:

1. **Deputy Tom More**
   As a current employee of the Linn County Sheriff's Office, this individual may only be contacted through the undersigned counsel.

   This individual has information related to the Linn County Sheriff's Office becoming aware that there was potentially an improper relationship between Plaintiff and David Allen Huggins.

2. **Sergeant Clint Johnson**
   As a current employee of the Linn County Sheriff's Office, this individual may only be contacted through the undersigned counsel.

   This individual may have information related to David Allen Huggins's performance reviews that were completed when Mr. Huggins was an employee of Linn County Sheriff's Office.


2.   Identify any training you provided to employees of the Sheriff's Office to assist in identifying, preventing, reporting and/or responding to sexual harassment or assault.

**ANSWER:**

Documentation related to training provided to employees of the Sheriff's Office is being produced.


3.   Identify any training you provided to employees of the Sheriff's Office to assist in complying with Title IX, , 20 USC ¶ 1681 et seq.

**ANSWER:**

Objection. This Interrogatory is overly broad and not proportional to the needs of the case.


4.   During the time that David Allen Huggins was an employee of the County, identify every communication the County received relating to Huggins and any inappropriate

interactions he had with employees or members of the general public. In identifying such complaints, please state:

        a.  The name(s) of the person(s) who reported the harassment;

        b.  The nature of the complaint;

        c.  The date(s) on which the report(s) were made;

        d.  Any action(s) the County took to investigate the complaint(s);

        e.  Any disciplinary action(s) the County took against Huggins.

**ANSWER:**

**In September and/or October 2017, Linn County Sheriff's Deputy Tom More heard an unconfirmed rumor that Plaintiff was seen putting her foot between Huggins's legs while at a restaurant. Deputy More conveyed this information to Paul Filla, who was Sheriff of Linn County at the time. Sheriff Filla promptly reported it to the KBI, which conducted an investigation that led to the arrest of Huggins. Linn County Sheriff's Office complied with the KBI's directives during the course of the KBI's investigation, which included removing Huggins from the high school without tipping him off that he was being investigated. Filla had at least one conversation with Superintendent Laver about removing Huggins from the school. Linn County Sheriff's Office ultimately fired Huggins.**

     5.     Identify every complaint the County has received relating to sexual harassment or assault by any employee in the five years before August 2017. In identifying such complaints, please state:

        a.  The name(s) of the person(s) who reported the sexual harassment or assault;

        b.  The name(s) of the alleged victim(s);

        c.  The date(s) on which the report(s) were made;

        d.  Any action(s) the County took to investigate the complaint(s);

        e.  Any disciplinary action(s) the County took against the alleged perpetrator(s).

**ANSWER:**

Objection.  This Interrogatory is overly broad and not proportional to the needs of the case, as it includes County employees who have no affiliation with the Sheriff's Office.

Subject to and without waiving these objections, the Sheriff's Office conducted an investigation that revealed that a former deputy had an inappropriate relationship with a female individual.  The Sheriff's Office fired the deputy and his certification was revoked on or about October 27, 2014.

The Sheriff's Office also conducted an investigation that revealed a former deputy sent an inappropriate message to a woman.  His employment was subsequently terminated. The exact date of this report is unclear, but it is believed to have occurred before his employment was terminated on February 8, 2017.

A memo detailing another employee complaint can be found at document bates-stamped LC 000486.

6.       Identify every communication between your employees, including Paul Filla, and David Allen Huggins regarding Alexis Swearingen.  In identifying such communications, please state:

     a.   The name(s) of the person(s) communicating;

     b.   The date(s) of the communication;

     c.   What was said during the communication.

**ANSWER:**

Objection.  This Interrogatory is overly broad and not proportional to the needs of the case, as it includes County employees who have no affiliation with the Sheriff's Office. It also mischaracterizes Paul Filla as being an employee of Defendant BOCC for Linn County, Kansas.  Furthermore, it is unduly burdensome for Defendant to make inquiry with each and every person who has been employed by the County to determine whether they had a conversation about Alexis Swearingen, as this task would take a tremendous amount of time.

Subject to and without waiving these objections, Defendant states as follows:

In September and/or October 2017, Linn County Sheriff's Deputy Tom More heard an unconfirmed rumor that Plaintiff was seen putting her foot between Huggins's legs while at a restaurant.  Deputy More conveyed this information to Paul Filla, who was Sheriff of Linn County at the time.

After the Sheriff's Office started to suspect a possible improper relationship between Plaintiff and Huggins and notified the KBI of it, Sergeant Clint Johnson informed Huggins that he was being immediately removed from the high school. Sergeant Johnson did not inform Huggins that the decision had anything to do with Plaintiff, nor did he even mention Plaintiff's name, because the KBI did not want Huggins to become aware that he was being investigated and, as a result, try to flee. Rather, Sergeant Johnson suggested to Huggins that the decision resulted from the tension between Ryan Swearingen and Principal Shaw, which involved Huggins, who was friends with Mr. Swearingen.

On an unknown date, Sergeant Clint Johnson had a conversation with Huggins during which Huggins informed Johnson of the situation involving Plaintiff's pregnancy and that someone in the military was the father. Huggins also said it was suspected to be statutory rape given the age of the offender, Michah Taylor. Sergeant Johnson knew Huggins and the Swearingen family were good friends, and at one point Huggins mentioned to Johnson something about them going hunting together.

Shortly after Filla notified the KBI of the information it had about Plaintiff and Huggins, Filla and a KBI agent, who Filla believes was Ronnie Burke, went to Huggins's house to recover the phone and computer tablet that were issued to Huggins by the Sheriff's Office. Huggins was present and turned over the devices. The KBI took custody of them.

7.    Identify any reports or "rumors" that you received regarding improper behavior regarding David Allen Huggins and Alexis Swearingen. In identifying such communications, please state:

     a.  The name(s) of the person(s) who received the report;

     b.  The date(s) of the report;

     c.  What was reported.

**ANSWER:**

Objection. This Interrogatory is ambiguous and vague in that it does not define the quoted word "rumors." Subject to and without waiving this objection, Defendant states as follows:

In September and/or October 2017, Linn County Sheriff's Deputy Tom More heard an unconfirmed rumor that Plaintiff was seen putting her foot between Huggins's legs while at a restaurant. Deputy More also learned that Plaintiff had been spending a lot of time in Huggins's office at the high school, which by itself did not cause More to suspect improper behavior, but, when considered with the restaurant rumor described above and

the investigation surrounding Plaintiff's pregnancy, caused him to convey this information to Paul Filla, who was Sheriff of Linn County at the time.  Sheriff Filla promptly reported it to the KBI, which conducted an investigation that led to the arrest of Huggins.

       8.      Identify any source of funding you received to fund the SRO program.

**ANSWER:**

      Funding came from the Linn County Sheriff's Office's budget.

       9.      Identify the factual bases of your affirmative defenses.

**ANSWER:**

      Objection.  This interrogatory is overly broad in that it does not call for the identification of only material facts.

      Subject to and without waiving these objections, the material facts that support the affirmative defenses of the BOCC of Linn County include: Huggins was a certified law enforcement officer who knew the laws of the State of Kansas and the unlawfulness of an adult having sexual relations with a minor.  Before Huggins became a SRO, the Sheriff's Office was not aware of any information suggesting that Huggins would engage in a sexual relationship with a minor or was otherwise unqualified to serve as SRO.  Before becoming aware of the possible improper relationship between Huggins and Plaintiff and reporting it to the KBI, the Sheriff's Office never received any information from the school that Plaintiff was spending an improper amount of time in Huggins's office or would otherwise lead the Sheriff's Office to suspect an improper relationship between Huggins and Plaintiff.  Plaintiff did not tell the Sheriff's Office that she was having a sexual relationship with Huggins and deliberately concealed that fact from it.  Instead, Plaintiff and her father led the Sheriff's Office to initially believe the only individual who was having sex with Plaintiff was an individual named Michah Taylor, who served in the military.  The Sheriff's Office did not take Plaintiff's and her father's word for it and continued to look into the matter because the timeline of when Plaintiff claimed she had sex with Mr. Taylor did not align with the amount of days she had been pregnant.  When the Sheriff's Office began receiving information that caused it to suspect Huggins should be the target of an investigation, it promptly notified the KBI.  Also, Huggins was a family friend of the Swearingens and would go hunting with one or more of them.  Defendant has reason to believe Jessica Swearingen informed the school district that it was okay for Huggins to meet with Plaintiff because he was a family friend and was helping her daughter through a difficult time.  The BOCC does not control or otherwise influence personnel issues within the Sheriff's Office.  As discovery is ongoing, Defendant reserves the right to supplement this Answer as additional discovery becomes available.

10.     Is there any insurance policy through which you or your employee may be entitled to coverage for losses or expenses related to the claims asserted against you in this case, including but not limited to defense costs, indemnity for settlements, or damages awarded against you, or loss and adjustment expenses? If so, for each policy state:

    a.   The policy number of the insurance policy and the effective dates of coverage;

    b.   whether any controversy or coverage dispute exists between you and the insurer;

    c.   whether the insurer issuing the insurance policy has issued a written reservation of rights.

**ANSWER:**

**The relevant memorandum of coverage has been produced.**

## SWORN SIGNATURE PAGE

STATE OF ___KS___ )
                ) ss
COUNTY OF ___Linn___ )

     The below named person, being duly sworn on oath states that he/she has read the foregoing interrogatories and the answers given are true to the best of affiant's knowledge and belief.

                                     Ricky J James
                                           CHAIRMAN
                               (NOT TO BE SIGNED BY ATTORNEY)

     The foregoing answers to interrogatories were subscribed and sworn to before me this ___ day of ___August___, 2021.

                                 Notary Public

My Commission Expires

___9-6-22___

DEBORAH L WHITEMAN
Notary Public - State of Kansas
My Appointment Expires
___9-6-22___

8

Respectfully submitted,

**Case Linden P.C.**


s/Cory R. Buck
Kevin D. Case, KS 14570
Cory R. Buck, KS 25979
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel:   (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
cory.buck@caselinden.com
Attorneys for the Board of County Commissioners
of Linn County, Kansas

## Certificate of Service

I hereby certify that on August 13, 2021, a true and correct copy of the above and foregoing was served by electronic mail, addressed to:

Christopher S. Dove
Daniel R. Zmijewski
DRZ Law, LLC
8700 State Line Rd., Ste. 305
Leawood, KS  66206
chris@drzlawfirm.com
dan@drzlawfirm.com
Attorneys for Plaintiff

Michael K. Seck
Abbey M.B. Lee
Fisher, Patterson, Sayler & Smith, LLP
51 Corporate Woods, Ste. 300
9393 West 110th Street
Overland Park, KS  66210-1402
mseck@fisherpatterson.com
alee@fpsslaw.com
Attorneys for Defendant Pleasanton Unified School District 344

s/Cory R. Buck
Cory R. Buck