## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ALEXIS SWEARINGEN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-cv-2630-DDC-TJJ** |
| | ) | |
| **BOARD OF COUNTY** | ) | |
| **COMMISSIONERS** | ) | |
| **OF LINN COUNTY, KANSAS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY TO LINN COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF SUMMARY JUDGMENT AND TO REOPEN DISCOVERY

The Linn County Defendants' response talks only about what other parties in this case did or didn't do. But what they never explain is their complete failure to comply with their discovery obligations.  Why didn't they produce the Johnson email before discovery closed? When did they even find the Johnson email and how long did they hold onto it until producing it on the same day they filed their motion for summary judgment?

The late-produced Johnson email is only one piece demonstrating the Linn County Defendants' utter failure to comply with their discovery obligations from the very beginning of this case. Even at this point in the litigation, there is no indication that the Linn County Defendants have performed an adequate investigation and taken necessary action to comply with their discovery obligations.

**First,** the Linn County Defendants failed to produce the Johnson email. It is important to note that Mr. Johnson *sent this email to Paul Filla, who was the Sheriff*. (*See* Ex. A). The Johnson email was not difficult to find. This failure demonstrates that the Linn County Defendants did not search (or adequately search) Paul Filla's email or Mr. Johnson. Given

these failures to adequately search the files of two individuals centally involved, how can the Plaintiff know if the Linn County Defendants have met their obligations to produce responsive documents? Plaintiff should not be penalized because Defendants failed to produce an obviously relevant document (and perhaps other documents not yet produced).

**Second,** it is now clear that the Linn County Defendants also utterly failed to provide adequate interrogatory responses. Plaintiff's Interrogatory No. 4 asked: "identify every communication the County received relating to Huggins and any inappropriate interactions he had with employees or members of the general public." (*See* Ex. B). The portion of the response that relates to communications received was the following: "In September and/or October 2017, Linn County Sheriff's Deputy Tom More heard an unconfirmed rumor that Plaintiff was seen putting her foot between Huggins's legs while at a restaurant." (*See id.*). That's it. Even the briefest comparison of that answer to what is in the Johnson email (*see Ex. A)* makes obvious the Linn County Defendants' failures. Employees of Defendants knew **much** more than what was reported in the interrogatory response.

Quite likely, the paucity of the interrogatory response originates in the Linn County Defendants' failure to actually investigate and respond to Plaintiff's interrogatories. The individual who signed the verification for the interrogatories was Mr. Ricky James. By signing, Mr. James attested: "The below named person, **being duly sworn on oath states that he/she has read the foregoing interrogatories and the answers given are true to the best of affiant's knowledge and belief**." (Ex. B at p. 8) (emphasis added).

But during Mr. James' deposition it became clear that Mr. James did not have any idea if the interrogatory answers were true. Mr. James testified as follows:

Q. · Are you by chance the one -- in this case
we served some written discovery on the Board and
part of that was a document called
interrogatories, which are just questions, and
then the party writes answers to them. · Are you by
chance the one who signed -- do you remember
signing an affirmation?

A.I did.

 Q. Okay.  So you helped respond to that –
to the interrogatories; is that correct?

A. · **No, I didn't help respond. ·I just signed
it after the lawyers prepared it, and that was
their advice that we sign it.**

Q.Okay. · Did you have any conversations
with anyone in the Sheriff's Office in order to
 ·answer those questions?

A.  No.

Q. Okay. Did you provide any information
with regard to answering those questions?

A.I would have none.

Q. ·Okay. Did -- to your knowledge did
anyone else on the Board provide any information
to answer those questions?

A.  Not to my knowledge.

(Ex. C, James Depo. at 10:17-11:15) (emphasis added). Based upon Mr. James responses,

we know the following:

- Mr. James did not assist or provide any information to answer the interrogatories;

- Mr. James did not talk to anyone to gather information to answer the
  interrogatories;

- Although he signed the attestation under oath, Mr. James had no idea if the answers to the interrogatories were true;

- Mr. James signed the false attestation under the advice of counsel.

Now, combined with the failure to adequately search and produce responsive documents, Plaintiff must again ask how can she have any confidence that the Linn County Defendants have met their discovery obligations in this matter.

**Third,** the Linn County Defendants failed to disclose Bobby Johnson and other witnesses in their Initial Disclosures. For some reason, the Linn County Defendants believe their failure to disclose Bobby Johnson is exonerated because USD 344 did. But Bobby Johnson *is the employee of the Linn County Defendants*. That is why the USD 344 disclosure provided no hint to his involvement. Either the Linn County Defendants were concealing him, or they had never investigated to find out he was involved. Similarly with the other witnesses identified in the Johnson email, the Linn County Defendants never disclosed them or described their involvement in response to discovery requests. How could Plaintiff even guess the extensive involvement of these witnesses when the Linn County Defendants were sitting on but not producing the information?

The Court should not permit the Linn County Defendants to shirk their discovery obligations and deny Plaintiff a fair opportunity to collect evidence in support of her claims.

Respectfully submitted,

DRZ LAW, LLC

/s/ Chris Dove
Christopher Dove      KS #21251
Daniel R. Zmijewski  KS #21275
8700 State Line, Suite 305

Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com
dan@drzlawfirm.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on April 29, 2022, the foregoing was electronically filed using the Court's electronic filing system, which will send notice of electronic filing to all registered attorneys of record.

  /s/ Chris Dove