**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ALEXIS SWEARINGEN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-2630-DDC** |
| **PLEASANTON UNIFIED SCHOOL DISTRICT 344, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Alexis Swearingen brings this suit against the Board of County Commissioners for Linn County, Kansas, Linn County Sheriff Kevin Friend,[1] and Pleasanton Unified School District 344 (USD 344). The Linn County defendants have filed a joint Motion for Summary Judgment (Doc. 113). And, USD 344 has filed a Motion for Summary Judgment (Doc. 110). This matter comes before the court on plaintiff's "Motion to Defer Consideration of Summary Judgment and to Reopen Discovery" (Doc. 116) invoking Fed. R. Civ. P. 56(d).

The same day the Linn County defendants filed their Motion for Summary Judgment, they produced an email to plaintiff. This email—produced four months after discovery closed—provides information about the Linn County Sheriff's Office investigation into unlawful actions of David Allen Huggins. Based on this late disclosure and the new information it contains, plaintiff asks the court to defer ruling on defendants' Motions for Summary Judgment under Fed. R. Civ. P. 56(d). Specifically, plaintiff requests that the court: (1) grant her 45 days to conduct additional discovery; (2) continue her deadline to respond to the two pending summary judgment

---

[1] In this Order, the court refers to the Board of County Commissioners for Linn County, Kansas and Linn County Sheriff Kevin Friend collectively as the "Linn County defendants."

motions until 14 days after the end of the 45-day discovery period; (3) permit her to amend her initial disclosures; and (4) permit her experts to revise their opinion testimony.

The court grants plaintiff's motion.  It explains this decision, below.

## I.    Background

This case arises from criminal actions by David Huggins, a former School Resource Officer at USD 344 and deputy sheriff in Linn County.  Huggins, who was 44 years old, had unlawful sexual intercourse with plaintiff when she was a 15-year-old student at USD 344.  In 2018, Huggins pleaded guilty to aggravated indecent liberties with a child.

Plaintiff filed this suit on December 14, 2020.  Over the course of the next year, parties were added or dismissed, and claims were dropped or dismissed.  Now, plaintiff brings four claims against the Linn County defendants:

- Violating 42 U.S.C. § 1983 by failing to supervise and discipline staff (Count I);

- Violating 42 U.S.C. § 1983 by negligent hiring of staff (Count III);

- Violating Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681–88 by discriminating against plaintiff on the basis of her sex (Count IV); and

- Common law negligence (Count V).

Doc. 87 at 9–18.  And plaintiff brings two claims against USD 344:

- Violating Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681–88 by discriminating against plaintiff on the basis of her sex (Count VI); and

- Negligence under Kansas law (Count VIII).

*Id.* at 18–22.

2

Discovery closed on November 30, 2021.[2]  Doc. 38.  USD 344 filed a Motion for Summary Judgment on March 17, 2022.  Doc. 110.  The Linn County defendants filed a joint Motion for Summary Judgment on March 18, 2022.  Doc. 113.  Also on March 18, 2022, the Linn County defendants produced an email.  This email led to plaintiff's Rule 56(d) motion. Doc. 116.

Dated October 26, 2017, Linn County Sheriff Detective Bobby Johnson authored the email.  Doc. 117-2 at 1.  Detective Johnson sent the email to former Linn County Sheriff Paul Filla and Roger Holt of the Linn County Sheriff's Department.  *Id.*  The email outlines Detective Johnson's investigation into Huggins's criminal behavior toward plaintiff.  Detective Johnson listed the people he had interviewed, provided a timeline of events, and recommended that Huggins "remain out of the School and the KBI called [in to] conduct a further investigation." *Id.* at 1–3.  Defendants don't dispute that they provided this email late.

This evidence—that the Linn County Sheriff's Department investigated Huggins—is significant because it's new.  In his Affidavit, plaintiff's counsel asserts that the email "contains previously unknown allegations that the Linn County Defendants and/or USD 344 had additional notice of David Huggins' improper behavior toward Plaintiff."  Doc. 117-1 at 1 (Dove Aff. ¶ 3). The record confirms plaintiff's proposition.  At his deposition, former Sheriff Paul Filla was explicitly asked, "Did anyone at the Sheriff's Office investigate the incident?"  Doc. 119-1 at 4 (Filla Dep. 38:22–23).  Filla responded:  "I keep saying I don't know."  *Id.* (Filla Dep. 38:24).

Plaintiff filed her "Motion to Defer Consideration of Summary Judgment and to Reopen Discovery" (Doc. 116) on April 1, 2022.  The motion asks the court for four things:

> (1) grant Plaintiff 45 days to conduct additional discovery related to the allegations and witnesses identified in the email; (2) continue Plaintiff's deadline to respond to

---

[2]    The court extended this deadline and allowed the parties until January 31, 2022 to complete two expert depositions.  Doc. 101.

the two pending summary judgment motions . . . until 14 days after the end of the 45-day discovery period; (3) permit Plaintiff to amend her initial disclosures to add additional witnesses identified during this discovery period; and (4) permit Plaintiff's experts to revise their opinion testimony.

Doc. 116 at 1.

## II.    Legal Standard

Fed. R. Civ. P. 56(d) allows courts to defer ruling on a motion for summary judgment at the request of the nonmoving party.  The Tenth Circuit does not impose a high burden on a party seeking relief under Rule 56(d).  Instead, our Circuit has made it clear that, "[u]nless dilatory or lacking in merit, [a Rule 56(d)] motion should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (quotation cleaned up).  But "relief under Rule 56(d) is not automatic." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 34 (10th Cir. 2021) (citation and internal quotation marks omitted).

Rule 56(d) contains procedural requirements:  they include the nonmovant's duty to provide an affidavit or declaration.  And the affidavit must meet substantive requirements—the four *Gutierrez* factors:

> "In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify" in the affidavit "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."

*Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) (quoting *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016)).

## III.    Analysis

Plaintiff meets the procedural requirements of Rule 56(d)—her counsel has provided an Affidavit.  *See* Doc. 117-1 (Dove Aff.).  So, the court turns now to the four substantive factors in *Gutierrez*.

### A.   The Probable Facts Not Available

In the Affidavit, plaintiff's counsel identifies the following facts not currently available:

- "Whether the Linn County Defendants conducted a reasonable inquiry for responsive information;"

- "The information known by the Linn County Defendants regarding David Huggins' improper behavior toward Plaintiff and when the Defendants became aware of such information;"

- "The information known by USD 344 regarding David Huggins' improper behavior toward Plaintiff during the prior school year and school year at issue and when USD 344 became aware of such information; and"

- "The information known by the witnesses identified in the email, when they obtained such information, and when they reported such information to any of the Defendants."

Doc. 117-1 at 2 (Dove Aff. ¶ 6).  Plaintiff's counsel asserts that the "late-produced email contains previously unknown allegations that the Linn County Defendants and/or USD 344 had additional notice of David Huggins' improper behavior toward Plaintiff."  *Id.* at 1 (Dove Aff. ¶ 3).  And, he asserts, the "late-produced email also identifies multiple witnesses[] that the Linn County Defendants did not identify," including Detective Johnson (author of the email), "who observed David Huggins' improper behavior toward Plaintiff."  *Id.* (Dove Aff. ¶¶ 4, 5).  In sum, plaintiff seeks to use this new information to investigate what defendants knew and when.

In response, the Linn County defendants argue that Detective Johnson's email doesn't provide any new facts.  They further assert that they included Detective Johnson and other witnesses mentioned in the email in their initial disclosures.[3]  So, they argue, plaintiff already knew some of the information in Detective Johnson's email, specifically:  that a parent complained to the school about Huggins and that a deputy investigated a rumor about Huggins's

---

[3]      Though the Linn County defendants did not include these witnesses in their initial disclosures, USD 344 did.  And the Linn County defendants assert that they incorporated USD 344's witnesses into their initial disclosures by reference.  Doc. 119 at 2 n.1.

unlawful behavior towards plaintiff.  In sum, the Linn County defendants argue, plaintiff had all the pieces of the puzzle to discover these facts—she simply failed to put the pieces together.

Nonetheless, the Linn County defendants produced the email late.  It contains new information about the Linn County Sheriff's Office investigating Huggins.  Former Sheriff Paul Filla testified that he didn't know if anyone at the Linn County Sheriff's Office investigated Huggins.  Doc. 119-1 at 4 (Filla Dep. 38:19–39:3).  The Linn County defendants argue that, somehow, Filla's "uncertainty" about an investigation should have prompted plaintiff to ask him about other witnesses mentioned in the report "in an attempt to refresh his recollection[.]"  Doc. 119 at 4.  But it's unreasonable to expect that plaintiff could divine that Filla was simply misremembering or that she could use magic words to help Filla recall the investigation.  Plaintiff didn't know what she didn't know.  The court concludes, in its discretion, that plaintiff has identified probable facts—the Linn County defendants' notice of Huggins's criminal behavior—that are not available.

The other defendant, USD 344, argues that the email makes only one reference to the school district:  a report from the Superintendent to the Sheriff's Office.  USD 344 argues that plaintiff already knew about the events that spurred the district Superintendent to complain to the Sheriff's Office about Huggins, so the facts were available to plaintiff during discovery.  But, as plaintiff correctly argues, the email refers to the school district in other ways.  The email mentions the report from the district Superintendent about Huggins's unlawful behavior, *and* it mentions parent complaints about Huggins's unlawful behavior and students discussing Huggins's unlawful behavior based on their observations at the school.  *See* Doc. 117-2 at 1–2.  Plaintiff asserts that the "information about what parents and other students in [USD 344] knew

and reported is new." Doc. 120 at 2. The court agrees. Plaintiff has identified probable facts that are not available to her.

USD 344 further argues that plaintiff already knew about every witness mentioned in the email and could have deposed them. But the probable facts available are not the witnesses themselves; plaintiff seeks to discover what those witnesses knew and when. The Affidavit from plaintiff's counsel confirms that plaintiff seeks to gather evidence about "information known by USD 344 regarding David Huggins' improper behavior toward Plaintiff . . . and when USD 344 became aware of such information[.]" Doc. 117-1 at 2 (Dove Aff. ¶ 6).

In sum, plaintiff just recently learned that Detective Johnson and the Linn County Sheriff's Office investigated Huggins and that investigation involved information from school-adjacent sources. Thus, the court, in its discretion, concludes that plaintiff has carried her burden to show probable facts not available to her.

### B. Why Those Facts Cannot Be Presented Currently

The Affidavit from plaintiff's counsel asserts that the email was disclosed several months after discovery closed. *Id.* at 1 (Dove Aff. ¶ 2). Plaintiff seeks to re-open discovery to gather evidence. *Id.* at 2 (Dove Aff. ¶ 6). And plaintiff's counsel asserts that plaintiff "could not obtain this information before because the late-produced email and Detective Bobby Johnson's involvement was not known to exist. The Linn County Defendants had control over the information[.]" *Id.* (Dove Aff. ¶ 7). So, naturally, plaintiff currently cannot present the probable facts referenced above because she hasn't had an opportunity to investigate.

Defendants assert that plaintiff knew about every witness identified in the email. Defendants argue that the Affidavit is insufficient because it doesn't explain why plaintiff failed to perform sufficient discovery of the people identified in Detective Johnson's email. Doc. 118

at 6 ("[T]here is no explanation as to why discovery was not performed with regard to any of the persons in Johnson's e-mail when they were specifically identified by [USD 344] in its initial disclosures."); Doc. 119 at 7 ("Plaintiff's motion and her counsel's affidavit contain no explanation as to why discovery was not performed with regard to any of the persons in Johnson's email even though they were identified in the initial disclosures and throughout discovery."). According to defendants, plaintiff could present these facts currently if only she had performed proper discovery. For example, defendants, through their joint disclosure format, identified Detective Johnson in their initial disclosures. *See* Doc. 118-1 at 8. Defendants argue that, had plaintiff deposed Detective Johnson or other witnesses mentioned in his email, plaintiff would have discovered the Sheriff's Office investigation. Thus, defendants assert, plaintiff has failed to carry her burden to explain why she currently cannot present facts to oppose defendants' summary judgment motions.

But defendants' arguments prove too much. Defendants' effort to shift the blame to plaintiff is unavailing. They should have produced the email during discovery. Indeed, the Linn County defendants produced the email late because they thought it was responsive to plaintiff's interrogatories. Now, they want to use hindsight to criticize plaintiff's litigation strategy and hold her responsible for failing to ferret out something defendants should have provided. The court declines to punish plaintiff for relying on defendants' disclosure requirements. And the court declines to punish plaintiff for relying on the testimony of the Linn County Sheriff to recount whether the Linn County Sheriff's Office investigated Huggins.

Plaintiff currently can't present facts about defendants' notice of Huggins's behavior because defendants didn't tell her that the Sheriff's Office investigated Huggins in October 2017. And defendants cannot fault plaintiff for lacking access to a crystal ball. In sum, the court is

unpersuaded by defendants' argument that plaintiff hasn't met her burden to explain why she currently cannot present the probable facts. This factor also weighs in favor of plaintiff.

### C.     What Steps Plaintiff Has Taken to Obtain These Facts

The court's analysis of the third *Gutierrez* factor is the same as its analysis of the second *Gutierrez* factor. Again, plaintiff asserts that she hasn't taken steps to discover the facts in Detective Johnson's email because defendants had exclusive control of the information. Again, defendants argue plaintiff could have discovered the Sheriff's Office investigation described in Detective Johnson's email if she had asked the right questions of the right people. But the late-produced email contained new information that defendants should have disclosed to plaintiff in the first place and during discovery. So, the court again concludes plaintiff has carried her burden to show what steps she has taken to discover the probable facts at issue here.

### D.     How Additional Time Will Enable Plaintiff to Obtain Those Facts and Rebut the Motions for Summary Judgment

Plaintiff seeks additional time to respond to defendants' Motions for Summary Judgment because she asks the court to re-open discovery. The additional time "would allow Plaintiff to gather evidence regarding" the Linn County defendants' and USD 344's notice of Huggins's unlawful behavior. Doc. 117-1 at 2 (Dove Aff. ¶ 6).

USD 344 argues that plaintiff fails to explain "how additional time . . . would enable [plaintiff] to meet her burden under Title IX demonstrating actual knowledge and deliberate indifference on the part of" USD 344. Doc. 118 at 6–7. Likewise, the Linn County defendants argue that plaintiff fails to "sufficiently explain how additional discovery would allow Plaintiff to create a genuine dispute as to a material fact as to whether Linn County Defendants violated § 1983 or Title IX or was otherwise negligent under Kansas common law." Doc. 119 at 7.

The court disagrees with defendants.  Exercising its discretion, the court concludes that the facts plaintiff seeks—what defendants knew and when they knew it—are essential to opposing defendants' Motions for Summary Judgment.  Plaintiff's counsel's Affidavit specifically mentions "previously unknown allegations that the Linn County Defendants and/or USD 344 had additional notice[.]"  Doc. 117-1 at 1 (Dove Aff. ¶ 3).  Knowledge is an important piece in the puzzle in this case.  Thus, more discovery "could alter the outcome of [defendants'] motion[s] for summary judgment." *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-cv-02298-DDC-GLR, 2017 WL 1364839, at *10 (D. Kan. Apr. 13, 2017) (citing *United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 905–06 (10th Cir. 2016)).

## IV.     Conclusion

The court concludes that plaintiff has met her burden to secure relief under Rule 56(d).  Rule 56(d) explicitly allows the court to "allow time . . . to take discovery[.]"  Fed. R. Civ. P. 56(d)(2).  The court thus grants plaintiff's request for 45 days to seek discovery.  After the 45-day period closes, plaintiff will have 14 additional days to respond to defendants' Motions for Summary Judgment, amend her initial disclosures, and revise any expert testimony.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion to Defer Consideration of Summary Judgment and to Reopen Discovery" (Doc. 116) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff has 45 days to conduct discovery related to Detective Johnson's email.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff has 14 days after the close of the 45-day discovery period to respond to defendants' Motions for Summary Judgment.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff has 14 days after the close of the 45-day discovery period to amend her initial disclosures and/or revise expert testimony.

**IT IS SO ORDERED.**

**Dated this 24th day of May, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
